Paul M. Pierson et al., Respondents, *v.* James Speyer, Appellant.

1. Riparian Rights — Lawful Uses of Stream. A riparian owner is entitled to a reasonable use of the water flowing in a natural stream over his premises; he may use it for domestic purposes and for the support of his domestic animals and fowls; he may temporarily detain it by dams, in order to furnish power to run machinery and for the purpose of irrigating his lands, when the amount used is reasonable and is not out of proportion to the size of the stream, and may, also, construct ornamental ponds and store them with fish, or use them for water fowl, so long as the ponds are not so large as to materially diminish, by evaporation and absorption, the quantity of water usually flowing in the stream.

2. Same — When Lower Riparian Owners Are Not Entitled to Judgment Restraining Upper Riparian Owner from Maintaining Dam Across Stream for Ornamental and Domestic Purposes. Where an upper riparian owner constructed a dam across a stream on his own premises, in which he impounded the water for both ornamental and domestic purposes, lower riparian owners, who have brought an action to enjoin the former from intercepting the water in the stream, or in any manner interfering with the same so as to diminish the natural flow of water through the premises of the latter, are not entitled to a judgment restraining the defendant from continuing the dam, upon findings that by its construction "a much larger surface of water is exposed to sun and air than otherwise would be exposed, and the increased evaporation and absorption caused the water to cease flowing to and over the plaintiffs' land and deprived them of the use of the water to which they were entitled," in the absence of a finding that the use made by the defendant of the water under the circumstances was unreasonable.

*Pierson* v. *Speyer*, 82 App. Div. 556, reversed.

(Argued April 5, 1904; decided April 26, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

June 19, 1903, affirming a judgment in favor of plaintiffs
entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Charles J. Fay* and *Darius E. Peck* for appellant.  The
findings of fact do not lead to the conclusion of law upon
which the judgment at Special Term was based.  (*Bullard* v.
*S. V. Mfg. Co.*, 77 N. Y. 525.)  There is no finding in this
case that the user made by the defendant of his pond was
unreasonable, and the evidence on this point is not undis-
puted.  (*De Baun* v. *Bean*, 29 Hun, 236; 101 N. Y. 620;
*Gehlen* v. *Knorr*, 70 N. W. Rep. 757; 101 Iowa, 700; *Wood*
v. *Edes*, 2 Allen, 578; Gould on Waters [3d ed.], 397, § 205;
*Robinson* v. *Davis*, 47 App. Div. 405, 407; 169 N. Y.
577.)  There is no finding in the case at bar that the main-
tenance of the defendant's pond causes a legal interference
with the flow of the stream, nor is there a finding of an
undue detention by the defendant.  The evidence on these
points is not undisputed.  (*Platt* v. *Johnson*, 15 Johns. 213;
*Gehlen* v. *Knorr*, 101 Iowa, 700; *Bullard* v. *S. V. Mfg.
Co.*, 77 N. Y. 525; *Springfield* v. *Harris*, 4 Allen, 494;
*Merrifield* v. *Worcester*, 110 Mass. 216; *De Baun* v. *Bean*,
29 Hun, 236; 101 N. Y. 620; *Stanford* v. *Felt*, 16 Pac. Rep.
900.)

*Smith Lent* for respondents.  The judgment appealed from
was warranted by the facts found in its support.  (*People* v.
*D. & H. Co.*, 177 N. Y. 337.)

HAIGHT, J.   This action was brought to enjoin the defend-
ant from intercepting the flow of water in a natural stream
through his premises, or in any manner interfering with the
same so as to diminish the natural flow of water therein
through the plaintiffs' premises.

The defendant was the upper riparian owner and the plain-
tiffs the lower owners of the stream in question.  The plaintiffs
had constructed a dam and reservoir by which they impounded

the waters of the stream for the purpose of supplying water daily to the growing of roses, a business in which they were engaged. In the summer of 1899 the defendant constructed a dam across the stream upon his own premises, thereby creating a reservoir about one and a half acres in extent and impounded the water therein for both ornamental and domestic purposes. The trial court found as a fact that by reason of the construction of the dam and reservoir by the defendant "a much larger surface of water is exposed to sun and air than otherwise would be exposed, and the increased evaporation and absorption caused the water to cease flowing to and over the plaintiffs' land and deprived them of the use of water to which they were entitled." There was no finding of fact that the defendant's use of the water was unreasonable. The decision was in what is commonly designated the "long form," containing specific findings of fact and conclusions of law. Upon these findings a judgment was entered, in which the defendant "is enjoined and restrained from continuing or permitting to continue the dam erected by him herein described in said complaint," etc.

We think the judgment entered in this case was not authorized by the findings of fact made by the trial court. It is not pretended that the defendant made any unreasonable use of the water flowing through the stream upon his premises, that he diverted or polluted it, or that he decreased the amount of the flow other than by that which was caused from evaporation and absorption.

A riparian owner is entitled to a reasonable use of the water flowing in a natural stream over his premises. He may use it for domestic purposes both in his house and his barn, and may consume it for the support of his horses, his cattle and his poultry. He may temporarily detain it by dams, in order to furnish power to run machinery and for the purpose of irrigation of his lands when the amount used is reasonable and is not out of proportion to the size of the stream. He may also construct ornamental ponds and store them with fish, or use them for his geese, his ducks or his swans, so long as

the size of the ponds are not so large as to materially diminish, by evaporation and absorption, the quantity of water usually flowing in the stream.

The rights of riparian owners have been the subject of recent consideration in this court in the case of *Strobel* v. *Kerr Salt Co.* (164 N. Y. 303–320) in which the authorities and text writers upon the subject have been collected and cited. In that case Judge Vann states the general rule as follows:

"A riparian owner is entitled to a reasonable use of the water flowing by his premises in a natural stream, as an incident to his ownership of the soil, and to have it transmitted to him without sensible alteration in quality or unreasonable diminution in quantity. While he does not own the running water, he has the right to a reasonable use of it as it passes by his land. As all other owners upon the same stream have the same right, the right of no one is absolute, but is qualified by the right of the others to have the stream substantially preserved in its natural size, flow and purity, and to protection against material diversion or pollution. This is the common right of all, which must not be interfered with by any. The use of each must, therefore, be consistent with the rights of the others, and the maxim of *sic utere tuo* observed by all. The rule of the ancient common law is still in force; *aqua currit et debet currere, ut currere solebat.* Consumption by watering cattle, temporary detention by dams in order to run machinery, irrigation when not out of proportion to the size of the stream, and some other familiar uses, although in fact a diversion of the water involving some loss, are not regarded as an unlawful diversion, but are allowed as a necessary incident to the use in order to effect the highest average benefit to all the riparian owners. As the enjoyment of each must be according to his opportunity, and the upper owner has the first chance, the lower owners must submit to such loss as is caused by reasonable use."

(See, also, Broom's Legal Maxims, page *373; Pomeroy on Water Rights, sections 7 and 8; *Cummings* v. *Barrett,* 10 Cush. 186.)

18

The defendant in this case, as we have seen, was the upper riparian owner. By reason thereof he had the right to the first reasonable use of the water flowing through the stream, taking into consideration the size and velocity thereof; and, in the absence of a finding that the use made by him of the water under the circumstances was unreasonable, there was no basis for the judgment that was entered herein. It follows that the judgment should be reversed and a new trial ordered, with costs to abide the event.

Parker, Ch. J., O'Brien, Bartlett, Vann, Cullen and Werner, JJ., concur.

Judgment reversed, etc.