THOMAS J. GRAY, as President of the New York Chapter of the Knights of Columbus, an Unincorporated Association, Respondent, *v.* DANIEL J. FERRIS, as Secretary and Treasurer of Amateur Athletic Union of the United States, an Unincorporated Association, Appellant.

First Department, October 24, 1930.

*Jeremiah T. Mahoney* of counsel [*Warren C. Fielding* with him on the brief; *Phillips, Mahoney, Leibell & Fielding,* attorneys], for the appellant.

*Laurence L. Cassidy* of counsel [*Mortimer M. Cassidy* with him on the brief; *Cassidy & Cassidy,* attorneys], for the respondent.

FINCH, J.    From an injunction *pendente lite* enjoining the defendant Amateur Athletic Union of the United States from preventing

an athlete known as Stanislaw Petkiewicz from appearing at an athletic meet held under the auspices of plaintiff at Madison Square Garden on the 12th of March, 1930, defendant appeals.

The question involved is the right of the court to interfere with the internal management and the disciplinary affairs of an unincorporated association known as the Amateur Athletic Union, before a member of such union has exhausted his remedies within the association.

Plaintiff, in arranging to conduct an athletic meet, extended an invitation to one Stanislaw Petkiewicz, a world-famous athlete, to participate. Mr. Petkiewicz accepted the invitation of plaintiff and, pursuant to the regulations, filed his application for approval with the defendant Amateur Athletic Union of the United States. Two days before the event the defendant gave notice that the athlete would not be permitted to compete in the games. This notice was given pursuant to a cable received from the International Amateur Athletic Federation asking the defendant to " disapprove Petkiewicz." Thereupon defendant placed its ban by announcing that Petkiewicz was barred from participating. Thereupon the plaintiff applied for and obtained this temporary injunction restraining the defendant from preventing this athlete from appearing. Although permitted by the injunction, the athlete did not appear, being fearful to risk the consequences of violating the regulations. Since the event is past and the athlete did not appear, the question would be academic were it not for the fact that there is involved a question of grave importance to the authority of the Amateur Athletic Union of the United States. Hence this appeal.

The defendant Amateur Athletic Union of the United States is an unincorporated association composed mainly of twenty-five active member unincorporated athletic associations in the United States. The amateur athletic games conducted by the plaintiff were under the jurisdiction of the Metropolitan Association of the Amateur Athletic Union, one of the aforesaid twenty-five members of defendant. Amateur sports throughout the world are governed by an association known as the International Amateur Athletic Federation, under whose jurisdiction the Olympic Games are conducted. The Amateur Athletic Union is the United States representative of that Federation. The Polish Amateur Athletic Association is the representative of Poland. The plaintiff is a member of the Metropolitan Association of the Amateur Athletic Union and, upon acquiring such membership, agreed to abide by all the rules and regulations of that association, in addition to such rules and regulations as were adopted by the defendant Amateur Athletic Union. Among these regulations is a by-law of the defendant

that the committee on foreign relations shall have jurisdiction over the competition of foreign athletes in the United States and of the United States athletes abroad, and further that any amateur athlete not a resident of the United States desiring to compete in any athletic competition under the rules of the Amateur Athletic Union, must submit to the foreign relations committee a certificate from the governing body of the country wherein he resides showing that he is an amateur and eligible as such to compete in any amateur competition. Such non-resident athlete shall apply to the foreign relations committee for a permit to compete and the athlete can only compete at such times and places as the permit calls for. It is conceded that Mr. Petkiewicz did not have a permit from the chairman of the foreign relations committee to compete in the meet of the plaintiff.

When Petkiewicz came from Poland he was duly certified as an amateur athlete in good standing by the Polish Amateur Athletic Union. Subsequently a dispute arose between Poland and Latvia as to his eligibility in Europe. This involved the eligibility of Petkiewicz to represent Poland, inasmuch as he had represented Latvia in the Olympic Games of 1928. The dispute had been referred by Latvia and Poland to the International Federation and, because of the confusion, Mr. Petkiewicz was told by the committee on foreign relations of the defendant Amateur Athletic Union that he would have to clear his status or be denied a permit to compete after the 6th of March, 1930. On March tenth the defendant Ferris, as a member of the committee on foreign relations, received a cablegram to the effect that the status of Petkiewicz was disapproved. Upon this basis the foreign relations committee refused Mr. Petkiewicz permission to compete in the games of the plaintiff. Upon the foregoing facts the plaintiff was not entitled to injunctive relief.

The refusal to issue a permit was not arbitrary, but founded upon reason in the fair-minded judgment of the representatives of the defendant, who were charged with the particular duty of supervising the appearance of foreign athletes in this country. It is not asserted by the plaintiff that Mr. Petkiewicz had any right to compete, except as permitted by the committee on foreign relations of the defendant, and the only suggestion of arbitrary action is that the refusal of the chairman of the foreign relations committee to permit Mr. Petkiewicz to compete at the meet of plaintiff was made so late that it constituted unjustifiable interference. The refusal was well within the proper discretionary powers of the officer having jurisdiction to give this athlete a permit to compete. The question involved is an important one to the defendant. If the course here adopted by the plaintiff were followed by other organizations, the

power of the defendant Amateur Athletic Union to supervise, govern and protect amateur athletics would be nullified and destroyed. The principle that the courts will not interfere with the duly constituted authority of membership associations as applied to their members, required the denial of this injunction. (*Matter of Haebler* v. *N. Y. Produce Exchange,* 149 N. Y. 414; *Cabana* v. *Holstein-Friesian Assn.,* 196 App. Div. 842; affd., 233 N. Y. 644.) Until a member of such an association has duly exhausted his remedies within such association or has been denied his rights and privileges therein, no appeal to the courts will lie. In *Matter of Haebler* v. *N. Y. Produce Exchange* (149 N. Y. 414) Judge MARTIN said (at p. 427): " The relator had a right to become a member of this corporation, and to agree to be governed by its charter and by-laws, and when he did so they expressed the contract by which he and every other member were bound, and which measured their rights, duties and liabilities as members thereof. (*Weston* v. *Ives,* 97 N. Y. 222; *Belton* v. *Hatch,* 109 N. Y. 593; *O'Brien* v. *Grant,* 146 N. Y. 163, 173.) 'A member of a corporation may so hedge himself in by agreement as to yield the protection which one seeks in the ordinary affairs of life, and enlarge the authority that may be used against him.' (*People ex rel. Elliott* v. *N. Y. Cotton Exchange,* 8 Hun, 216, 220.) "

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.