ROLF T. MICHELSEN et al., as Trustees under the Will of RASMUS M. MICHELSEN, Deceased, et al., Appellants, v. JOHN LESKOWICZ et al., Respondents.— In an action to enjoin the diversion of Little Neck Creek at Brockhaven, Long Island, to restrain the respondents from trespassing, and to bar the respondents pursuant to section 500 of the Real Property Law from all claim to an estate or interest in the property described in the fourth and fifth paragraphs of the complaint, judgment dismissing the first, third and fourth causes of action and dismissing the second cause of action in part, insofar as appealed from, unanimously affirmed, with costs. Little Neck Creek, running principally in a southerly direction, constitutes the chief boundary between property owned by appellants and respondents. Appellants failed to establish that respondents diverted the stream, trespassed upon appellants' property, or unjustly claimed title to any lands belonging to appellants on the latters' side of the stream. Appellants did not definitely establish the "original" location of the stream and therefore were unable to show it had been diverted. Furthermore, they did not show that respondents' use of the stream in the operation of a duck farm was so unreasonable as to constitute a diversion. (*Colrick* v. *Swinburne*, 105 N. Y. 503; *Pierson* v. *Speyer*, 178 N. Y. 270; *United P. B. Co.* v. *Iroquois P. & P. Co.*, 226 N. Y. 38.) The trial court found that respondents and their predecessors erected their fences in the stream in what appeared to be the center line thereof. Implicit in the trial court's opinion is a further finding that the fences erected in the center of the stream were correctly located in accordance with the lines of respondents' record title. The record sustains these findings and we affirm them. We also find that the fences have been maintained substantially as originally erected and that they have not been moved by respondents so as to encroach upon the appellants' lands. The record also demonstrates that

after the hurricane of 1938, respondents dredged their portion of the stream close to the fences at a depth no more than knee-deep for most of the length of the stream; whereas appellants have permitted mud and vegetation to accumulate on their side of the stream so that the flow of water thereon has virtually discontinued on appellants' side of the stream. If there has been any general shifting of the stream, it has been in a westerly direction rather than in the easterly direction alleged in the complaint. Respondents and their predecessors in title, by the erection of fences in the center line of the stream, and by the maintenance in position of such fences, have retained title to all lands located on their side of the fences. The evidence as to the tramway which appellants contended constituted an encroachment on their property was of insufficient probative force to require a finding by Special Term in appellants' favor. Present — Lewis, P. J., Carswell, Johnston, Adel and Aldrich, JJ.