Lynch, J.
This is an action for an injunction brought by the plaintiff to restrain the defendants from continuing the suspension of plaintiff from participation and competition in any sports events under the jurisdiction of the Amateur Athletic Union of the United States, and from suspending, disqualifying or punishing plaintiff in any manner and mandatorily requiring the president or secretary-treasurer of the defendant, Amateur Athletic Union, to make public announcement that the suspension of the plaintiff is terminated.
The complaint alleges three causes of action: 1) that the executive committee of the Amateur Athletic Union was without jurisdiction to suspend plaintiff on charges of excessive expense accounts and other alleged violations of its regulations; and 2) that a quorum of the executive committee was not present at the time of the vote upon plaintiff’s suspension and that the vote was void; and 3) that the defendant, Amateur Athletic Union and its officers and members are estopped from declaring plaintiff and other outstanding athletic members of the Amateur Athletic Union professionals and ineligible to compete under A. A. U. rules.
Plaintiff is an outstanding track athlete, specializing in mile and “ metric mile ” runs, and up to the time of this trial had run the fastest mile in the United States.
The defendant, Amateur Athletic Union of the United States, is a voluntary, unincorporated association, whose objective, in brief, is to encourage and foster athletics for sport’s sake and establish and maintain throughout the United States a uniform test of amateur standing and uniform rules for the government of amateur athletics within its jurisdiction.
The government and general management of the affairs of the union are vested in a board of governors and during the interim between meetings of the board of governors, an executive committee has general charge of the affairs of the union, subject to the approval of the board of governors.
Geographically the national A. A. U. is divided into a number of regional associations, one of which is known as the Missouri Valley Association. It is undisputed that these regional associations have original jurisdiction in their prescribed areas; the national A. A. U. has appellate powers. Whether the national body has original jurisdiction in the eases where an athletic member is charged with violation of the national rules is one of the issues herein.
*993 The Amateur Athletic Union of the United States is a member of the International Amateur Athletic Federation and must guarantee to the international the eligibility and amateur standing of any American athlete who engages in international competition. The famed Olympic Games are held under the rules and regulations of the International Amateur Athletic Federation.
In October, 1955 charges of excessive expense accounts were made against the plaintiff before the local registration committee of the Missouri Valley Association upon which he was found guilty by a vote of 3 to 2. On appeal to the board of managers of the Missouri Valley Association, on November 20, 1955 he was acquitted of the charges by a vote of 21 to 7. A resolution was thereupon passed by the Missouri Valley Association prohibiting any appeal from their decision.
On or about December 4, 1955 at the annual convention of the Amateur Athletic Union held at Louisville, Kentucky, the board of governors of the A. A. U. unanimously adopted a resolution recommending that a committee be appointed to investigate charges against the plaintiff and to report its findings to the executive committee. This investigating committee held a hearing on January 8, 1956 which plaintiff was invited to attend. Plaintiff requested that he might have counsel with him and also that he be furnished with a copy of the points to be covered. These two requests were granted. The hearing was had; plaintiff, with his counsel, the legal officer at the Quantico Marine Base where plaintiff was stationed, appeared and such explanation as plaintiff desired to give was given by him. Additional charges were sent him requesting an explanation, but none was forthcoming. Thereafter the investigating committee reported its findings to the executive committee of the defendant, Amateur Athletic Union, which, by a vote of 14 to 1, suspended plaintiff.
With respect to plaintiff’s contention that the executive committee had no jurisdiction in the matter, the court holds to the contrary. It is clear that the board of governors has not only concurrent original jurisdiction, but has sole appellate jurisdiction.
Subdivision 3 of article IX of the constitution of the Amateur Athletic Union, defines as part of the duties and powers of the board of governors, “ To impose and enforce penalties for any violation of the Constitution, By-Laws or Rules of the Union.”
That the board of governors has interpreted this provision to mean that it has original jurisdiction is evidenced by the fact that over some 29 years in hundreds of cases, half of which *994 had to do with excessive expense accounts, the board of governors exercised such jurisdiction. The constitution (art. IX, subd. 13, thereof referring to the duties and powers of the board of governors) reads in part: “To explain, define and interpret any provision of this Constitution or any By-Law or Rule.”
Indeed, it would be unrealistic and inviting disaster to the defendant, Amateur Athletic Union, if it did not, in the face of the action of the Missouri Valley Association purporting to bar an appeal from its decision, take up the charges of which Santee had been acquitted. Failure to do so could properly have brought down upon the defendant, Amateur Athletic Union, the condemnation of the International Amateur Athletic Federation and exclusion of the American team from the Olympics. The defendant, Amateur Athletic Union, could properly take action to see that its laws and regulations were enforced and its integrity preserved. (Simpson v. Grand Int. Brotherhood of Locomotive Engineers, 83 W. Va. 355, cert, denied 250 U. S. 644; Weinstock v. Ladisky, 197 Misc. 859.)
Where a constitution confers a power upon a higher tribunal to impose a penalty, it is plain that such provision also confers upon the tribunal the necessary power to exercise original jurisdiction in order to determine whether to impose such penalty. In Love v. Grand Int. Div. of Brotherhood of Locomotive Engineers (139 Ark. 375, 383) the court in its opinion said: “ The order for the imposition of the penalty presupposes a trial and conviction. ’’
In New York, the Appellate Division of this department said in Gray v. Ferris (230 App. Div. 416, 418-419): “ The question involved is an important one to the defendant. If the course here adopted by the plaintiff were followed by other organizations, the power of the defendant Amateur Athletic Union to supervise, govern and protect amateur athletics would be nullified and destroyed. The principle that the courts will not interfere with the duly constituted authority of membership associations as applied to their members required the denial of this injunction.”
The court finds no merit in plaintiff’s first cause of action.
In his second cause of action plaintiff contends that the action of the defendant, Amateur Athletic Union, was void in that a quorum of the executive committee did not vote on the suspension. The uncontradicted testimony is that 15 of the 26-member executive committee were present at the meeting on February 19, 1956; that 14 of them expressed themselves in favor of the suspension, with one opposed; that thereafter the *995 formal resolution of suspension was prepared and adopted, with four of the original 14 affirmatives not then present, but having their votes recorded in their absence.
To dispose first of the question of a quorum, subdivision 3 of article XIV of the constitution provides that, ‘‘ At any meeting of the Board of Governors a quorum shall consist of those who answer the roll call.”
The same rule that governs the procedure of the board of governors would prevail in the executive committee unless the executive committee adopted different rules. The court therefore finds that a quorum of the executive committee was present at the meeting and had expressed themselves on the issue of plaintiff’s suspension as indicated above. It was not necessary that the vote be taken on a formalized written resolution, which was merely indicative of the action theretofore taken. It is not unusual and certainly not improper in a voluntary unincorporated association, or in a governing body thereof, to have members’ votes cast by proxy in accordance with the wishes of the members. Indeed such procedure is provided for under subdivision 6 of article VIII of the constitution of the A. A. U., where there is given the broadest latitude in voting either personally, or by proxy, and even by mail or telegraph. There can be no doubt of the validity of the vote in the instant case where the members, constituting a valid quorum, expressed themselves and were recorded as they desired on the issue involved. The court therefore finds no merit to plaintiff’s second cause of action.
With respect to the third cause of action wherein plaintiff pleaded that defendants were estopped from enforcing the rules and regulations of the defendant, Amateur Athletic Union, with respect to excessive expense accounts, plaintiff was given every opportunity to present such evidence as he could. He declined to proceed, claiming he had not sufficient time to prepare his case. The court refused to permit the trial of the case piecemeal and, on the failure of plaintiff to proceed, dismissed the third cause of action. Acting upon such dismissal, the court refused to extend the temporary stay granted herein. The court cites the behavior of plaintiff in his failure to proceed as indicative of his bad faith in this entire proceeding. Nowhere in plaintiff’s pleading is there any allegation that as a member of the A. A. U. he duly abided by its rules and regulations. That point was as studiously avoided as was his appearance as a witness. He was plaintiff, he brought this action, he alleged his great desire to compete in the Olympics and to represent his country and the United States Marines. However, *996 on the issue as to his eligibility to so compete, when confronted by his accusers, in the forum which he had chosen, he remained silent. In the face of the crushing and devastating testimony of disinterested witnesses — one a member of the Bar of the State of New York — who testified without rancor or ill-feeling and who impressed the court with their fairness and frankness, that plaintiff had frequently and consistently violated the rules of the A. A. U., plaintiff has, without any pretense of adhering to those rules, sought their protection. His engagement of a booking agent, his demand for moneys for the attendance of his wife at various meets and his collection of said moneys without the attendance of his wife, the excessive expense accounts for the various meets, his attempt to evade professionalism by unfairly attempting to place the onus on his club-mate, with the possibility that the latter would be found guilty and the plaintiff escape; the check of $400 to his father-in-law from the promoter of a certain meet, and other matters, foreclose any serious consideration of his plea that he was harshly or unfairly dealt with. His repentance — if any — and the court thinks there is none- — • comes too late. Plaintiff should have thought of the Olympics and his representation of his country before he engaged his booking agent, before he accepted payments in excess of the regulated amounts, before he tried to brand his clubmate as the professional and falsely place the halo of amateurism upon himself, before he consistently violated the rules of the organization in which he desires to continue his membership. When he took out his athletic membership in the A. A. IT. he agreed to abide by the rules and regulations of the union. He has not only failed to do so, but he makes no pretense of having done so.
From this unfortunate incident some good may come to amateur athletics in the United States. Promoters of amateur athletic meets should realize that while plaintiff has, by his conduct, disqualified himself from amateur competition, the fault lies in no small part with them as a class. The record shows that in their desire for larger gate receipts, some promoters have sought to capitalize on the athletic ability of such stars as the plaintiff. He has eliminated himself as an amateur athlete, but not without an assist from some of the “ guardians ” of amateur athletics.
Judgment for defendants on the merits.
All motions made during or at the end of the trial, upon which decision was reserved, are denied.
The foregoing is the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act.