Saul S. Streit, J.
This is a motion by the plaintiff, Howard Johnson’s, Inc., for a temporary injunction restraining defendant, hereinafter referred to, at times, as 1 ‘ Local 640 ’ ’, from (1) picketing plaintiff’s commissary, (2) threatening violence to plaintiff’s employees and others rendering services to plaintiff, (3) coercing plaintiff to recognize Local 640 as the bargaining agent of the employees at the commissary, (4) using false representations in connection with the picketing, and (5) inducing others to refuse to make deliveries to, or pick up merchandise from, the commissary. A cross motion is made to dismiss the complaint for alleged failure to state a good cause of action and, upon an affidavit by defendant’s attorney, to dismiss the action for lack of jurisdiction thereof by this court. Defendant also seeks, in any event, to strike out certain allegations of the complaint as sham and scandalous.
Concededly, plaintiff is engaged in interstate commerce. At the present time, there appear to be five petitions to the National Labor Eelations Board pending undetermined: (1) a petition by defendant union, filed April 18, 1956, charging plaintiff with unfair labor practices designed to dissuade its employees from remaining in, or joining, defendant union; (2) a second petition by defendant union, filed June 21, 1956, charging plaintiff with further unfair labor practices in furtherance of an attempt on its part to persuade its employees by intimidation, to join a wholly different union, which had just appeared in the picture (hereinafter referred to as “ Local 50 ”); (3) a petition by Local *159 50, filed June 19, 1956, seeking an election for the purpose of obtaining certification as the bargaining representative of the employees (except certain truck drivers belonging to the Teamsters’ Union); (4) a petition by plaintiff itself, filed June 26, 1956, charging Local 640 with unfair labor practices in inducing wholesalers, distributors, and others, to refuse to deliver products to plaintiff, which petition was amended on July 16,1956, to charge Local 640 with inducing transportation companies to cease deliveries to plaintiff or dealing with its products for the purpose of coercing plaintiff to recognize Local 640; and (5) a petition filed by plaintiff itself, on July 25, 1956, requesting an election to determine the bargaining representative of the employees.
It is clear from these petitions, two of them filed by plaintiff itself, that the parties as well as Local 50 recognize the fact that the National Labor Relations Board is the body invested with primary jurisdiction to compel the cessation of unfair labor practices by either the employer or Local 640. This jurisdiction is exclusive as to acts or conduct which constitute unfair labor practices under the Federal Labor Management Relations Act of 1947 (U. S. Code, tit. 29, § 141 et seq.) or which constitute violations of that act (Garner v. Teamsters’ Union, 346 U. S. 485 ; Weber v. Anheuser-Busch, 348 U. S. 468; Mine Workers v. Arkansas Flooring Co., 351 U. S. 62; Teamsters’ Union v. New York, New Haven A Hartford R. R. Co., 350 U. S. 155). Included in the unfair labor practices which the board possesses jurisdiction to order stopped are peaceful picketing (Garner v. Teamsters’ Union, supra) and conduct amounting to a secondary boycott (see reference to Capital Service v. Labor Board, 347 U. S. 501, at pages 475 and 476 of Weber v. Anheuser-Busch, supra). Only in exceptional cases may resort be had to a State court instead of to the National Labor Relations Board. Instances of such cases are where the picketing is mass picketing, accompanied by violence, obstructions of streets and highways, and great disorder, in which event the State, under its police power, is permitted to take action through its courts (Allen-Bradley Local v. Board, 315 U. S. 740), or an action for damages for a tort, as to which the Federal act gives no remedy (United Workers v. Laburnum Corp., 347 U. S. 656).
The instant application for a temporary injunction does not fall within the exceptions to the rule that exclusive primary jurisdiction rests in the National Labor Relations Board. The moving affidavits contain no evidence of violence, intimidation, or disorder, The only affidavit dealing with the subject is that *160 of Hipson, plaintiff’s vice-president. That affidavit states that at present there are only two pickets at each gate (this is not mass picketing) and that on several occasions each day “the pickets shouted vile, obscene and threatening imprecations at employees entering and leaving the plant ”. Apart from the fact that this vague, indefinite statement is conclusory in nature, there is the more serious difficulty that these occasional shouts fall far short of constituting conduct which permits State courts to intervene in matters relating to interstate commerce over which the National Labor Relations Board possesses exclusive primary jurisdiction. The charge that defendants have induced others not to deal with plaintiff is one of secondary boycott, cognizable only by the board. The charge that the signs used by the pickets are false is also one of which the board has jurisdiction. Furthermore, at least 16 of the employees are coneededly on strike and it is not clear that the signs which state “ employees ” are on strike are false.
The court accordingly holds that insufficient facts have been shown by plaintiff to justify its present resort to this State court instead of to the National Labor Relations Board.
In view of the conclusion reached, it is unnecessary to determine whether, as defendant claims, the picketing is for a lawful purpose and not to coerce the employer into recognizing Local 640 as the employees’ bargaining agent (see Wood v. O’Grady, 307 N. Y. 532). Defendant contends that the picketing is directed at the employer’s unfair labor practices, which are aimed at employees who would otherwise vote for Local 640 as their bargaining representative — the employer’s purpose being to induce the employees to elect Local 50 as their representative. If defendant’s version be true, it may be that the picketing is, in a broad sense, ‘6 organizational ’ ’ or, at any rate, not for the unlawful purpose of coercing the employer to recognize it, notwithstanding the contrary wishes of the employees themselves. If this view be taken, a sharp factual issue is presented by the papers submitted on this motion which would, even apart from the question of jurisdiction, require denial of the motion under the well-established principle that injunctive relief will not ordinarily be granted unless the right thereto is clear and free from doubt.
We turn now to the motion to dismiss the complaint. It appears from that pleading itself that the National Labor Relations Board has general primary and exclusive jurisdiction (pars. 7, 9, 11, 13, 14 and 38). No allegations are contained in the complaint which are sufficient to present one of the exceptional situations in which a State court may act. The allega *161 tion of “ acts and threats of violence ” contained in paragraph 16 is a mere conclusion, unsupported by any ultimate facts or further detail. Nothing else is alleged which the board lacks jurisdiction to deal with and stop, if it so determines. The motion to dismiss the complaint for lack of jurisdiction is granted. It is, accordingly, unnecessary to determine whether it states a good cause of action or whether the allegations sought to be stricken therefrom should be eliminated.
The motion for injunctive relief is denied. The cross motion is granted to the extent of dismissing the complaint for lack of jurisdiction and otherwise denied as academic.