Walter A. Lynch, J.
Plaintiff seeks an injunction pendente lite restraining the defendants from registering any amateur player affiliated with the German American Soccer Football League or any other league or club within the jurisdiction of the plaintiff until such time as said German American Soccer Football League or other league or club shall become a member of or affiliated with the plaintiff and the plaintiff approves said registrations; from registering any professional player affiliated with the said German American Soccer Football League or any other league or club within the jurisdiction of the plaintiff until such time as said league or other league or club shall become a member of or affiliated with the plaintiff; from granting permis *730 sion to any person to officiate as a referee within the jurisdiction of the plaintiff unless said person is on the official list of the plaintiff; from granting permission to the said German American Soccer Football League or any other league or club within the jurisdiction of the plaintiff to invite or conduct a tour of a foreign soccer football team without the prior approval of the plaintiff.
The plaintiff, New York State Soccer Football Association, Inc., has been designated by the defendant, United States Soccer Football Association, Inc., to be the governing State association for the State of New York, not otherwise under the jurisdiction of the Northwestern New York State Football Association.
The defendant, United States Soccer Football Association, Inc., is a membership corporation organized pursuant to the Membership Corporations Law of the State of New York and exists for the purpose of controlling, promoting and developing in the United States of America that which is commonly known as and designated “organized soccer football”. The said defendant consists of State associations (or leagues or associations in those areas where no State association exists) which are designated as the governing associations in their respective areas by the constitution, rules and standing orders of the said defendant.
Paragraph 5 of the constitution of plaintiff association provides as follows: “This association shall be affiliated with the United States Soccer Football Association, shall he an integral unit of that Association and shall at all times recognize the authority, rulings and laws of that body,” one of the defendants herein.
The German American Soccer Football League was suspended by said defendant in or about September, 1955. On July 7,1956 at the annual meeting of said defendant, which was attended by delegates of the plaintiff association, the following recommendation was made: “It is the recommendation of this committee, as it must be with all of us, to have this rupture finally resolved. However, it must be noted that the German American League resigned from U. S. S. F. A. organized football and until they apply for reinstatement, no action can be taken. If and when they seek reinstatement, then we feel sure that this situation can be handled equitably and honorably. ’ ’
It appears that on the approval of the national commission, negotiations were had with the German American Soccer Football League which was reinstated by the defendant association on January 18, 1957; that the said league was directed to apply *731 for membership in the plaintiff association of which they were formerly a member; that the said league did so apply and forwarded all necessary documents and fees to the plaintiff.
It further appears that the plaintiff association then sought a ruling on such reinstatement from the rules and revision committee of the defendant association by letter dated February 11, 1957, and was informed by said committee by letter dated February 19, 1957, that the defendant association was the only body that can reinstate an association, league or club which was suspended for playing outlaw soccer; that the plaintiff association neither accepted nor rejected the application of the German American Soccer Football League for membership, despite said defendant’s advice that some action must be taken by them; that the said defendant in its letter dated April 19, 1957 again advised plaintiff that a definite answer on the said league’s application for membership was to be given no later than April 29, 1957; that the plaintiff still failed to act on said application, and commenced this action on April 27,1957.
The plaintiff association asserts that the constitution, rules and standing orders of the defendant association expressly and impliedly provide that no amateur or professional player, club or league can engage in what is commonly designated as ‘ ‘ organized soccer ” within the jurisdiction of plaintiff unless said player, club or league is a member of or affiliated with plaintiff association; that upon information and belief the defendant association through the Federation Internationale de Football Association, granted the said German American Soccer Football League permission to promote and conduct a tour within the jurisdiction of the plaintiff of a soccer football team from Germany, which team is affiliated with the Federation Internationale de Football Association and therefore, considered as a team playing “ organized soccer ”, and this is in violation of order XIII of the standing orders of the defendant association.
The plaintiff contends that this German team will play within the jurisdiction of plaintiff with the permission of the defendant association in violation of the constitution, rules and standing orders of defendant association; that this will seriously disrupt the status of ‘ ‘ organized soccer ’ ’, threatens the continuance of the plaintiff association as the ‘ ‘ governing association in their area and deprives them of their rights as a member of the defendant association; that unless the defendants are restrained during the pendency of this action from the commission of the acts threatened and the continuance of the acts described, the plaintiff will suffer great and irreparable damage.”
*732 Bule XXIV of the defendant association’s constitution provides that the defendant in the first instance is the body which registers the professional.
Bule XXXIII (subd. 2) provides: “ The Council shall have the power to deal with all differences and controversies which may arise between one or more State or above-mentioned associations or other bodies, or any other matter not covered in these rules; the decision of the Council shall be final. ’ ’
Bule XXXIV provides that the council shall entertain appeals from the decisions of affiliated associations.
It appears that since the defendant association had suspended the German American Soccer Football League the defendant association was the only body which could properly reinstate said league. Under paragraph 5 of its own constitution the plaintiff association was obliged at all times to recognize the authority, rulings and laws of the defendant association. By failing to act upon the application of the German American Soccer Football League for membership in the plaintiff association, the said association deprived said league of its lawful right to appeal to the council in the event of an adverse determination on said application. The remedies provided for in the constitution of the defendant association have not been exhausted, and therefore the motion is in all respects denied.