Nicholas M. Pette, J.
This is a motion for an injunction pendente lite restraining the defendants from suspending and *113 failing to recognize .the plaintiff corporation as the governing body for soccer football for a certain part of the State of New York, approximately described as Metropolitan New York, and directing the dissolution of the State Commission appointed by the United States Soccer Football Association, Inc., to act in the capacity of governing body for soccer football in said territory, and from ordering a new election of officers of the plaintiff. The action is for a permanent injunction for the same relief.
The plaintiff and defendant corporations are both membership corporations organized under the Membership Corporations Law of the State of New York. The defendant corporation is the parent and governing body of the sport of soccer football in the United States, having affiliated with it as many State associations as there are States in this country in which soccer is played. Through these State associations the defendant corporation controls upwards of 15,000 players, and in addition, there are affiliated with the defendant corporation, a number of association members such as the Amateur Athletic Union of the United States, Intercollegiate Soccer Football Association of America, National Collegiate Athletic Association, National Soccer Coaches of America, and the National Federation of State High School Athletic Associations. Through all these associations the defendant corporation has jurisdiction over approximately 30,000 players. The plaintiff is one of the many State associations affiliated with the defendant national organization.
It appears that a charge was made against the plaintiff that its election held on September 6,1958, was invalid in that certain of its officials and commissioners had been permitted to vote thereat in violation of the plaintiff’s constitution and by-laws. The defendant corporation, pursuant to its constitution and by-laws, made an investigation of said charges, and duly served said charges upon the plaintiff, which, together with others involved, were duly heard at the hearing conducted by the National Commission of the defendant corporation. It appears also that said charges were sustained by the National Commission, which set aside the said election and appointed a commission to govern soccer football for that part of the State of New York theretofore governed by the plaintiff, until such time as the defendant corporation should otherwise direct.
It appears that the aforesaid action taken by the national organization was pursuant to the authority therefor contained in the constitution and rules of the defendant corporation (rule 14, par. 3, p. 13, and amdts. thereof). It further appears that the plaintiff is bound by the rulings of the defendant corporation by plaintiff’s own constitution (p, 1, par. .5) which reads: *114 “ This association shall he affiliated with the United States Soccer Football Association, shall be an integral unit of that association and shall at all times recognise the authority, rulings and laws of that body (Emphasis supplied.)
The issue here is the right of two commissioners of the plaintiff to vote as commissioners, as distinguished from duly authorized delegates representing leagues, at an annual meeting of the plaintiff for the election of its officers.
Plaintiff contends that by amending its by-laws, section 9, by adding: ‘ ‘ and two Commissioners with the right to vote at annual meetings ’ ’, that amendment gave such commissioners the right to vote at election of officers, and in support of its position plaintiff urges that George Healey, chairman of the rules and revisions committee of the defendant corporation approved said amendment. However, the defendant corporation maintains that the plaintiff’s construction and interpretation of the amendment is a distortion of and contrary to a long-established tradition in organized soccer football, and, in direct conflict with the rule pertaining to voting rights at annual meetings of the defendant organization (rule X, p. 12), which rule and its interpretation by the parent body is binding upon the plaintiff under section 5 of plaintiff’s own constitution, quoted above;
Furthermore, it appears that after the approval of the plaintiff’s amendment by the chairman George Healey, the plaintiff, through its secretary, Robert Maclnnes, was advised that the chairman of the rules and revision committee had interpreted said amendment to mean that while officers and commissioners were not entitled to vote at the annual meetings for the election of officers, they could vote on all other questions that may come before the annual meeting.
It appears that in March of 1958, George Healey, the chairman of-said rules and revision committee wrote to Joseph J. Barriskill, executive secretary of the defendant corporation, distinctly stating: ‘ ‘ Regarding change of rules they sent in a number of minor changes with one important change, re: That two Commissioners be appointed with a vote at the annual meetings. I O.K. ’d all the changes. It said vote at annual meetings, not election of officers. All officers cease to exist at the election, and, the result, no officers, no votes.” (Emphasis supplied.)
It further appears that the foregoing communication was read to Robert Maclnnes, plaintiff’s secretary, by Barriskill, early in March, 1958. In making his report to the national annual meeting of the defendant corporation held in July 26-27, 1958, said Healey reported as follows: “ As Chairman of the Rules & Revisions I have had a number of requests for rulings and *115 .opinion. One important.ruling.I had.to.make was to .a State Association. that was allowing its retiring officers to. vote for officers for the coming year. I ruled that at an election, of officers, only delegates are. permitted to vote; all .officers and commissioners are out of office at that part of the annual meeting and cannot vote ”. .
It also appears that the foregoing report was included in the annuai report of officers and committees of the defendant corporation and mailed to each affiliated association, including the plaintiff, well in advance of plaintiff’s annual meeting held in September, 1958. It is undisputed that plaintiff’s delegates, Maclnnes, its secretary, and Joseph Williams, one of its commissioners, attended the meeting held July 26-27, 1958, and undoubtedly had read this report, and failed to raise any objection to the same before it was filed. It further appears that in conformity with a long-established practice of procedure at such national annual meeting, such report was filed and deemed adopted as filed.
From the papers before me, it further appears, that on September 8, 1958, after plaintiff’s election of officers on September 6, 1958, chairman Healey wrote directly to plaintiff’s secretary stating: “ I have been asked for a ruling on the question of officers and juniors having a vote at the election of officers. I have ruled many times in the past and still will rule that officers and juniors have not any vote at the election of officers. Therefore, the N. Y. S. S. F. A. election held September 6 was and is illegal'if the two Commissioners and a Junior League delegate voted. The election can be and should be protested to the U. S. S. F. A. by any member or members of the N. Y. S. S. F. A.”.
. The rulings made by Healey in the case at bar find support in paragraph 2 of rule 10, page 12, of the constitution and rules of the defendant corporation, which reads: ‘ ‘ The right of officers to vote, as hereinafter provided, shall cease at that part of the next annual general meeting, following their term of office, when a Temporary Chairman has been appointed to conduct the elections of officers for the ensuing year ”.
Plaintiff also contends that at no time subsequent to the approval by chairman Healey of the changes requested by plaintiff, and until after .the 1958 elections of the plaintiff held on September 6,1958, did the defendant corporation inform plaintiff that the changes approved by Healey by his letter, dated December 16,1957, were not approved to contemplate the election of officers, as construed and interpreted by plaintiff. This contention is in conflict with the aforesaid communication made by *116 Barriskill to Maolnnes early in March, 1958 as well as with the report made by Healey at the defendant corporation’s annual meeting held July 26-27, 1958, which was attended by said Maolnnes and Joseph Williams, who made no objection to said report, either at said meeting or when the annual report of officers and committees of the defendant corporation was mailed to plaintiff well in advance of the defendant corporation’s annual meeting. The facts in this connection are therefore in sharp dispute.
Furthermore, it is significant that at the last annual meeting of the defendant corporation, held July 26-27, 1958 which was attended by said Maclnnes and Joseph Williams as plaintiff’s representatives, the following new rule was adopted:££ No State Association, Commission, Official, Club or Player may invoke the aid of the Courts of any State without first exhausting all available remedies within organized soccer, including'final appeal to the annual general meeting of the Council ”. (Minutes of 1958 annual meeting, p. 42.) The aforesaid rule was unanimously adopted and the plaintiff’s aforesaid representatives voted for it.
It also appears that prior to the adoption of the aforesaid rule against court proceedings, plaintiff brought an action against the defendant corporation in 1957 challenging the powers of the national organization and, although the issues involved in that action were dissimilar from those in the case at bar, the complaint was dismissed on the ground that plaintiff had failed to exhaust its remedies within organized soccer. (Cf. New York State Soccer Football Assn. v. United States Soccer Football Assn., 8 Misc 2d 729.)
This court is of the opinion that the plaintiff is bound by the decisions, interpretations, rules and laws of the national organization, and that in the absence of fraud or corruption the courts will not interfere in the internal affairs of membership corporations. Organizations have the right to govern themselves within the framework of their constitutions. Furthermore, the plaintiff having failed to exhaust its remedies within the organization is estopped from invoking the aid of the courts of any State. (Dusing v. Nuzzo, 177 Misc. 35; Durkin v. Murray, 90 F. Supp. 367; Gray v. Ferris, 230 App. Div. 416, 419; Weinstock v. Ladisky, 197 Misc. 859, citing White v. Brownell, 2 Daly 329; Matter of Haebler v. New York Produce Exch., 149 N. Y. 414.) Thére does not appear to have been any claim or intimation of any fraud or corruption, in the case at bar.
The court determines that plaintiff has failed to show any clear legal right to a temporary injunction, nor is the court convinced *117 that plaintiff will suffer irreparable damage by the denial of such drastic relief. (Howard Johnson’s, Inc. v. Block, 14 Misc 2d 157; Riessen v. Kaye, 4 Misc 2d 371; Brower v. Williams, 44 App. Div. 337, 340; Lakes Is. Realty Co. v. McDermott, 96 Misc. 37, 38.)
A party is not entitled to a temporary injunction unless the right is plain from the undisputed facts. If the right depends upon an issue which can Only be decided upon a trial, the injunction cannot be granted. (Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182; Voorhees & Hobart v. Hobart, 251 App. Div. 111.) Where the facts are in sharp dispute a temporary injunction will not be granted. (Morrin v. Structural Steel Bd. of Trade, 231 App. Div. 673; Geed v. Braunsdorf, 277 App. Div. 1001.) As heretofore noted, there is a sharp dispute as to whether plaintiff was informed of the construction and interpretation Healey had made with respect to the approval he had given to plaintiff’s requested changes.
If the ultimate result sought by the plaintiff is doubtful the court should not grant a temporary injunction. (Gittlin Bag Co. v. Bresky, 279 App. Div. 570.) Where it is not possible as in the case at bar, to forecast the outcome of the litigation in that the papers fall short of establishing the clear right that the law requires, equity will not interfere by temporary injunction and thus pretry the issues. (Elk St. Market Corp. v. Rothenberg, 233 App. Div. 243.) The courts have held that there is no justification for a temporary injunction if the ultimate relief is doubtful of attainment, or where an immediate trial is possible. (Suma v. Landriscina, 36 N. Y. S. 2d 279; Village of Mamaroneck v. Lichtie, 72 N. Y. S. 2d 686.)
The court is of the opinion, that the granting of a temporary injunction in the case at bar, if the same were warranted by the facts appearing in the moving papers, would bear more heavily on the defendant corporation than the denial thereof would upon the plaintiff, and in such circumstances the court, in the exercise of discretion, should deny such drastic relief. (Michelsen v. Leskowicz, 55 N. Y. S. 2d 831, affd. 270 App. Div. 1042; Giordano v. Dellwood-Dairy Co., 153 Misc. 54.)
The plaintiff’s moving papers fail to contain any facts from which the court might conclude that unless injunctive relief is granted, plaintiff will suffer irreparable injury. And where there is no special injury shown or threatened, the injunctive remedy is not available. (Meers v. Munsch-Protzmann Co., 217 App. Div. 541; Brighton-by-the-Sea v. Rivkin, 201 App. Div. 726.) It will also be denied where the injury is not serious and restraining the acts complained of would subject the party restrained to *118 great inconvenience and loss. (Forstmann v. Joray Holding Co., 244 N. Y. 22, 29, 30; Bourianoff v. Metropolitan Life Ins. Co., 29 N. Y. S. 2d 50, affd. 263 App. Div. 802.)
The court is of the opinion that there should be an early trial of this action and accordingly directs the clerk of Special Term, Part III to add this case to the calendar of January 6, Í959, subject to the further order of the Presiding Justice. A copy of this order to he served on the clerk of Special Term, Part III, and the plaintiff’s attorney to pay the fee for filing the note of issue.
Accordingly, plaintiff’s motion for a temporary injunction pendente lite is denied.
Settle order on notice.