James J. Crisona, J.
In 1960, the Friday Whitestone Classic League No. 1 (hereinafter referred to as “ League ”) was *1010 organized, consisting of 96 bowlers formed into 24 bowling teams of 4 members each. The League is sanctioned by the American Bowling Congress and is governed by the rules and regulations thereof. One of the teams in the League, No. 23, is known as the A. C. B. Aluminum Company Team.
This season’s play commenced in September, 1961, at which time Larry Mirabella was a member of Team No. 23. Approximately a month later, plaintiff Bobert Hawkins replaced Mirabella because of the latter’s alleged leg injury. On September 29, 1961, the board of directors of the League held a meeting at which time plaintiff Hawkins was expelled therefrom. Thereafter, on January 5, 1962, an announcement was made over the public address system at the Whitestone Lanes, a bowling alley in Queens where the League bowled, to the effect that Hawkins was no longer on Team No. 23 and was out of the League.
Hawkins and his fellow team members have brought this action to enjoin the defendant League and certain individual officers thereof from expelling Hawkins and for failure to credit his scores to the total team scores. Plaintiff Hawkins has pleaded a second cause of action individually for damages as the result of defendants’ alleged slander.
Plaintiffs now move for an injunction pendente lite to restrain defendants from expelling Hawkins and to credit his true scores to the team’s total.
In support of the motion, Hawkins asserts that he was summarily expelled from the League ‘1 without hearing, warning, notice of hearing, charges, opportunity to defend” and that since his expulsion the League has refused to credit his scores although he has continued to bowl with the team. As a result of defendants’ failure to credit his scores, Team No. 23 is currently in thirteenth place, whereas had his scores been credited, said team would be in fifth place, thereby giving it an opportunity to place 1 ‘ in the prize money which is detailed as follows:
“ First Place — $2,800.00 ■ :
“ Second Place — $1,500 to $1,700
“Third Place — Approximately $1,000”.
In opposition, defendants contend that plaintiffs’ cause of action for an injunction is not presently maintainable since he has not exhausted all his remedies within the American Bowling Congress. They further attack Hawkins’ motion on the merits, asserting that although he was admitted to the League on the basis of a 160 average, he was in fact a much better bowler and that ‘ ‘ the only reason he attained an average *1011 of 160, was for the purpose of entering our League and to unconscionably gain substantial cash prizes for himself and his teammates. ’ ’
It is well settled that an association, whose members become entitled to privileges or rights of property therein, cannot exercise its power of expulsion without notice to the person charged or without giving him an oportunity to be heard. (Rodier v. Huddell, 232 App. Div. 531, 533.) However, until a member of .such an association has duly exhausted his remedies therein, no appeal to the courts will lie. (Gray v. Ferris, 230 App. Div. 416, 419.)
Assuming but not holding that by virtue of Hawkins’ membership in the League, he did acquire certain rights of property, in any event, in the opinion of the court, his present application is premature since he has failed to exhaust his remedies within the association. While the rules of the League nowhere provided for notice of hearing, and concededly Hawkins did not have an opportunity to be heard, the League is, however, authorized, through its board of directors by the American Bowling Congress, to “ decide upon all disputes ”, The rules of the American Bowling Congress provides for an appeal to the officers of the City Association or the American Bowling Congress from the decision of the Board of Directors of the League. Under these circumstances, it would appear that plaintiffs’ remedy at this point would be to take an appeal from the decision of the board of directors to the officers of the City Association or to the American Bowling Congress. Accordingly, the motion is denied and the first cause of action of the complaint dismissed, without prejudice.