In the Matter of the Petition of LOUIS APEL, Respondent, against PAUL MOSS, as the Commissioner of Licenses of the City of New York, Appellant.

First Department, April 6, 1939.

*Edward J. McGratty, Jr.*, of counsel [*David I. Shivitz* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellant.

*Bernard R. Lieberman* of counsel [*Arthur Wachtel*, attorney], for the respondent.

O'MALLEY, J. The question presented is whether the commissioner of licenses of the city of New York was justified in refusing to grant the petitioner for the year 1939 a renewal of a license to conduct a shooting gallery at 161 West Forty-ninth street, in the borough of Manhattan.

A license issued for the year 1938 was revoked, but restored on application to the court. It is the contention of the petitioner-respondent that the alleged reasons given for the 1938 revocation and the 1939 refusal to renew are practically the same, and that, as no appeal was taken from the order of restoration, the present order directing the issuance of a renewal must be affirmed.

We are of a contrary opinion, and think, upon the record here presented, that there was justification for the action taken by the commissioner. Four chief reasons were given: (1) Petitioner had neither workmen's compensation nor liability insurance, as required by regulation 1 promulgated by the commissioner, and a copy of which was given to the petitioner when he obtained his 1938 license; (2) the shooting gallery was but ten feet in length instead of thirty, as required by regulation 5, and oblique metal flanges on the side walls, as required by regulation 17, were lacking; (3) the offering

of prizes ranging in value from fifty cents to twenty-five dollars for a shooting fee of ten cents was so disproportionate as to induce gambling; and (4) patrons had complained during 1938 of improper manipulation of equipment whereby they were deprived of prizes duly won.

As to items (3) and (4), the petitioner might well have been granted an alternative order. However, while in a reply affidavit the petitioner swears that he had obtained workmen's compensation and also general liability insurance purporting to cover the entire premises, still it is not shown that he had these policies at the time he applied for renewal of his license. On the contrary, during the course of an inspection made on January 3, 1939, the petitioner stated he did not have workmen's compensation and had not had it during 1938. Liability insurance was not procured specifically for the shooting gallery, though petitioner claimed there was a policy covering the entire building.

Furthermore, as specified in item (2), shooting galleries of this nature were required to have oblique metal protective flanges on side walls. Petitioner's argument that his equipment is just as safe is beside the point. The commissioner had the right to make reasonable regulations, and there is nothing to show that this required side wall protection is in any way unreasonable. Furthermore, under regulation 5 it is provided that no shooting gallery twenty feet or less in width shall have a range of less than thirty feet. Petitioner's range is but ten feet in length. The purport of the regulation would require at least a thirty-foot range for any width. It provides that the range shall be increased one foot for each five feet in width in excess of twenty feet.

Under the circumstances, therefore, the commissioner was justified in the exercise of his administrative discretion in refusing to renew the license for 1939. It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, the application denied, and the petition dismissed.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, the application denied, and the petition dismissed.