ACORN EMPLOYMENT SERVICE, INC., and Others, Appellants, v. PAUL MOSS, as Commissioner of Licenses of the City of New York, Respondent.

First Department, January 17, 1941.

*William E. Vogel* of counsel [*J. Frederic Taylor* with him on the brief; *Burke & Burke*, attorneys], for the appellants.

*Edward J. McGratty, Jr.*, of counsel [*Francis J. Bloustein* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondent.

DORE, J.  Plaintiffs, 24 out of 841 licensed employment agencies in the city of New York, ask an injunction *pendente lite* enjoining the commissioner of licenses of the city of New York from promulgating any rules and regulations in connection with the enforcement of article 11 of the General Business Law relating to employment agencies.

On plaintiffs' own admission, the regulations had been in effect for nearly three years before the action was commended.  Apart from formal allegations repeated verbatim in duplicate affidavits, there is no showing whatever of any facts to indicate that enforcement of the regulations will result in irreparable injury unless enjoined before trial.

Enforcement of the provisions of article 11 of the General Business Law is intrusted to the commissioner of licenses under subdivision 2 of section 191 of that article.  Section 885 of the New York City Charter expressly provides that each head of a municipal agency may, except as otherwise provided by law, "make rules and regulations for the conduct of his office or department and to carry out its powers and duties."  The commissioner, given full responsibility for enforcement of the article, is not prohibited by statute or other-

wise from making reasonable rules and regulations. In *Matter of Apel* v. *Moss* (256 App. Div. 607) this court held that the commissioner of licenses had the right to make reasonable regulations. The sweeping injunction *pendente lite* which these plaintiffs seek determines the litigation and gives the same relief that could be obtained by a final judgment after trial. Such preliminary injunctions should be granted with great caution and only when necessity requires. Especially is this true when the action sought to be enjoined is that of responsible administrative officers.

Of course, laws are to be made by the law-making power and not by administrative officers whose duty is to apply and carry out the declared public policy laid down in statute and ordinance. (*Matter of Picone* v. *Commissioner of Licenses*, 241 N. Y. 157, 162; *Matter of Executive Service Corp.* v. *Moss*, 256 App. Div. 345, 347.) But these papers wholly fail to justify granting the preliminary injunction that was asked. The issues should await a full disclosure of all the facts at a trial.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., TOWNLEY and COHN, JJ., concur; UNTERMYER, J., dissents.

UNTERMYER, J. (dissenting). There is no provision of law authorizing the commissioner of licenses to promulgate regulations or impose conditions on the issuance of licenses, as he has assumed to do. Sections 174 and 191 of the General Business Law specify the powers and, in my opinion, the only powers that may be exercised by the commissioner in regulating the conduct of licensees. In the absence of legislative authority, the regulations and conditions are invalid, notwithstanding the beneficent purposes intended to be achieved. (*Matter of Picone* v. *Commissioner of Licenses*, 241 N. Y. 157; *Matter of Larkin Co.* v. *Schwab*, 242 id. 330; *Matter of Executive Service Corp.* v. *Moss*, 256 App. Div. 345.) I do not concur in the view that the provisions of section 885 of the New York City Charter allow the commissioner to enact rules, equivalent to laws, governing the conduct of employment agencies in their relations with the public. Section 885 of the New York City Charter only confers power on the head of each department to control the manner in which the business of that department shall be conducted. It does not contain any grant of power to regulate the business of persons who are required to secure licenses. Indeed, a delegation of such unlimited legislative authority would be an invasion of a substantial constitutional right.

Since many of these regulations and conditions subject the plaintiffs to illegal interference in their business, they are necessarily injurious to the plaintiffs and should be enjoined. To that extent a question of law only is presented which can and should be decided on this motion for a preliminary injunction.

To the extent above indicated, I dissent and vote to modify the order appealed from.

Order affirmed, with twenty dollars costs and disbursements.