In the Matter of the Application of Josephine Dumanis Natelson, Petitioner, against Almerindo Portfolio, Treasurer of the City of New York, Respondent.

Supreme Court, Special Term, Queens County, July 2, 1942.

*Florence K. Dumanis*, for the petitioner.

*William C. Chanler, Corporation Counsel [Seymour B. Quel* of counsel], for the respondent.

FROESSEL, J. Application for an order directing the treasurer of the city of New York to issue to petitioner a certificate of deposit for moneys he now has in his possession to petitioner's credit and which were deposited pursuant to an order of this court, dated August 13, 1936, to be " withdrawn and removed only on the order of this Court."

The question here presented is whether the treasurer of the city of New York has the power to make and enforce certain rules, relating to withdrawal of moneys from court and trust funds, before issuing a certificate of deposit, which rule 32 of the Rules of Civil Practice requires before an order for payment of money out of court may be made.

The facts herein are undisputed. The attorney herein on behalf of the petitioner, who had attained her majority, requested a certificate of deposit. She was informed that the rules of the department required that she and petitioner sign a form of application and have their signatures duly acknowledged. She was also informed that the following rules must be observed with respect to the application form:

" Rule 1. * * *

" Section 1. * * *

" (a) * * * The signature of the officer taking the acknowledgment must be duly attested by a certificate of the County Clerk or other qualified public officer. * * *

" (b) * * *

"(c) A statement containing the name of the attorney retained by the claimant to collect the funds and the amount of the fee agreed to be paid to such attorney."

The application supplied by the department was signed and acknowledged. The above quoted rules, however, were not observed, the petitioner refusing to supply the authentication certificate and to state the amount of the fee agreed to be paid to her attorney. The respondent thereupon refused to issue the certificate of deposit. It is now argued that such refusal was unwarranted, unlawful and, in fact, a deprivation of petitioner's rights, and that the rules in question are arbitrary and unlawful.

The respondent contends that the rules in question were made pursuant to the provisions of section 885 of the New York City Charter, which provide: "a. Each head of an agency may, except as otherwise provided by law, make rules and regulations for the conduct of his office or department to carry out its powers and duties," and that these rules are not unreasonable, arbitrary or capricious. He points out that he is bonded for $300,000, is charged with the custody of approximately $17,000,000 on deposit or invested for the benefit of approximately 34,000 persons, and that an average number of approximately 25,000 court orders, or certificates of deposit, pass through his office each year. He also points out how frauds and forgeries have been perpetrated upon him and upon the courts in the past.

There can be no doubt that the respondent has the right and, indeed, it is his duty, to promulgate rules for his protection and for the protection of those whose funds are in his keeping. These rules must be reasonable, lawful and not oppressive. It is also true that where rules have been established by the head of an administrative department they will not be set aside unless they are illegal, arbitrary or capricious. (*Matter of Apel* v. *Moss*, 256 App. Div. 607.) Interference of the court with the details of municipal administration is not to be encouraged. (*People ex rel. Clapp* v. *Listman*, 40 Misc. 372, 375; affd., 84 App. Div. 633; *Matter of Walsh* v. *LaGuardia*, 269 N. Y. 437, 442.)

In my opinion the rules here challenged are not illegal, unreasonable, arbitrary or capricious. The application of the petitioner in this very proceeding only serves to emphasize the necessity of the rule that acknowledgments should be authenticated. The signature of the person taking the acknowledgment is utterly illegible, the last name being little more than a series of pen strokes. Underneath the signature are the words "Attorney and Counsellor-at law Co. Clerk's No. 35." Where the attorney resides or has his place of business is nowhere indicated. In which of the sixty-two

counties of this State he has registered as "No. 35" does not appear. We have here the very situation that resulted in the outstanding abuse referred to by the respondent in his opposing papers. Nor can I see why an officer of this court should object to stating what his or her retainer is on this simple application to withdraw court or trust funds. On the contrary, to prevent abuses of the character described and to cooperate with the public officials in seeing that court and trust funds are returned to the persons for whom they are held should invite the closest cooperation of the members of the bar. This conclusion is, of course, not to be interpreted as indicating that the city treasurer has the right to pass upon the propriety of any retainer. His practice has simply been to transmit the information to the court, which passes upon the application to withdraw, and the court has found this information helpful to it.

The application is in all respects denied.