John H. Farnham, J.
Plaintiff moves for an injunction pendente lite. Inasmuch as the parties are completely familiar with the basic facts, it seems unnecessary to relate them here in detail except to state generally details pertinent to the issues. Plaintiff is a tenant of defendants Peck under a written lease between the parties, dated December 30, 1957. The leased premises as described in the written instrument is described as follows: “ Garage premises consisting of a space approximately sixty feet by seventy feet located at 548 Oriskany Street, W., *603 at Oriskany Circle (not included in this portion of the lease the show room at the front of the said premises).”
The plaintiff and the defendants Peck reside in the City of Utica wherein the leased premises are located.
The period of the lease is five years from January 1, 1958, to December 31, 1962. The monthly rental until January 1, 1959, is $300. Thereafter, until July 1,1960, it is $325, and thereafter until the end of the lease, it is $350. There is also expressed in the instrument with terms a possible first option for an additional period of five years. There are incidental items in the lease including usages and insurance, with certain conditions and reservations. The use to which the premises were intended and agreed to be put and used is not expressed in the lease. However, it appears that since his occupancy of the premises commenced, plaintiff has been conducting a dry-cleaning business.
The plaintiff with others now seeks to expand his business by the installation of an automatic coin-operated laundromat in a portion of the premises as claimed by him in an available but hitherto unused portion of the premises, and they have become obligated as a result for the expenditure of a considerable sum of money for the additional installation involving, among other items, additional and larger electrical and gas service leading into the premises from the street and procurable only from Niagara Mohawk Corporation, another named defendant herein. Such additional installation has been refused by the power company unless it procures from the owner of the premises, the landlord under said lease, written permission in the nature of an easement which has been refused. Although there may be some dispute between the parties, it is apparent to the court that all of the necessary installations of the new coin-laundromat service will involve and result in certain structural changes to the leased premises, to which changes the defendants Peck object.
The plaintiff claims that the premises have not been utilized to their full extent. Therefore, his dry-cleaning activities, although perhaps this has been the result of his decision and his needs in carrying on his business, apparently have not occupied all the premises. With the expansion project in mind he has determined to proceed with certain contracts for the purchase and installation of new equipment in connection with his proposed new laundromat program. He has sought the consent and permission of the defendants Peck to proceed with his project and such permission has been denied by them. As a result, this action is instituted by him for injunctive relief. *604 As set forth and presently the matter is before the court, following the issuance of a show cause order on plaintiff’s application to which the defendants Peck have responded. The basic issues are involved solely between the plaintiff and defendants Peck and not including the power corporation. It would seem unfortunate that the plaintiff, as he states, and others involved with him, have obligated themselves for the expenditure of considerable sums of money without first being assured legally that they might proceed with their program unhampered. However, it is apparent the decision they made was otherwise and in the face of the opposition of the defendants Peck they are now before the court seeking injunctive relief and also temporary injuctive relief pending trial of this action.
The relief sought by plaintiff on this motion for injunctive relief is drastic and the question squarely presented under all the circumstances surrounding our situation, therefore, is whether the plaintiff should be granted such relief. This court thinks not. If plaintiff were permitted to proceed with his proposed structural changes and defendants were ordered to grant the power company a license, right of way, or easement for purposes of accomplishing plaintiff’s plan for the installation of utility lines, in effect this would accomplish on this motion that which plaintiff desires to accomplish in his action. If the defendants prevail in the main action, they very well might be harmed irreparably if plaintiff were allowed to proceed with his plans at this juncture.
The defendants, however, are enjoined from interfering in any manner or to any extent with the conduct of plaintiff’s current business as he has been conducting it under his lease, and they are further enjoined from refusing plaintiff such access to the leased premises and the adjoining entrances thereof for plaintiff’s purposes of trade or business to the extent that it has been conducted heretofore and prior to the institution of this action. Beyond this the plaintiff’s motion for an injunction pendente lite to the extent he seeks is denied. Order may be settled on three days’ notice.