Charles Lambiase, J.
This is an application by the plaintiff for an injunction pendente lite. The show cause order herein requires defendants to show cause ‘ ‘ why an order should not be made and entered herein, restraining and enjoining the defendants, City of Rochester, Jenkins Hart and W. B. Cooper d/b/a United Labor Supply, and each of them and their agents, servants and employees and all other persons acting under their control and authority, from taking any action or making any repairs to the premises of the plaintiff at Nos. 77 and 77% Joiner Street in the City of Rochester, State of New York, pursuant to a certain contract entered into between the defendants on or about the 6th day of March, 1964 ”. (Order to show cause, dated April 7,1964.)
Said show cause order stays and enjoins and restrains the defendants from taking any action or making any repairs with respect to said property in the meantime and until the argument of the motion brought on thereby and the entry of an order thereon.
The application is incident to the above-entitled action wherein the plaintiff demands judgment:
“ (1) permanently enjoining the defendants and each of them and their agents, servants and employees and all other persons acting under their control and authority, from taking any action or making any repairs to be charged against the plaintiff with respect to her property at No. 77 and No. 77% Joiner Street in the City of Rochester, State of New York, except upon due and sufficient lawful notice.
“ (2) restraining the defendants and each of them and their agents, servants and employees and all other persons acting under their control and authority, during the pendency of this action. .
*100 u (3) declaring Chapter 57.1-5 and Chapter 57.1-6 of the Municipal Code of the City of Rochester, or that portion of said Chapters which provides for inadequate notice to property owners, and the contract between the defendants dated March 6, 1964, to be invalid, null and void and in violation of plaintiff’s Constitutional rights.
“ (4) granting to plaintiff such other and further relief, judgment or decree as to the Court may seem just and equitable, together with costs and disbursements of this action.”
In January, 1963 David L. Garratt, Director of Buildings, Rehabilitation and Conservation, Department of Urban Renewal and Economic Development of the City of Rochester, New York, after allegedly attempting to get plaintiff to correct certain violations of law with reference to conditions allegedly existing at properties owned by her at Nos. 77 and 77% Joiner Street, this city, issued two 30-day notices and orders pursuant to section 57.1-5 of Volume II of the Municipal Code of the City of Rochester, covering said alleged violations. In purported compliance with section 57.1-6 of Volume II of the Municipal Code of the City of Rochester, the notice and order in each instance were issued to one Mrs. Ann Plakon, addressed to her at 3544 Dewey Avenue, Rochester, New York, who, the City of Rochester alleges, is the person whose name is on file in the office of the City Treasurer of Rochester, New York, to receive tax bills with reference to No. 77 Joiner Street, Rochester, New York; and all tax bills for said property have been sent to her since 1945 (see affidavit of Isobel M. Powers, City Treasurer). A copy of each notice and order was posted on each of the subject premises and another copy was mailed by certified mail on the same day to said Mrs. Ann Plakon at the address mentioned in said notice and order, she being the person to whom said notice and order in each instance were directed as herein-above noted. Said notice and order in each instance as to each of said properties also states that a hearing concerning the violations could be requested, and notifies and states that if the violations are not removed within 30 days after the service of the order, the Bureau of Buildings will remove or cause the removal of said nuisance and assess the cost to the property owner.
Subsequent to the service of such notices and orders, meetings were held by the city through its representatives, with plaintiff, her husband, and with Mrs. Ann Plakon, on which occasions the matter of the alleged existing violations was gone into; and admittedly in the Spring of 1963 plaintiff and her husband were in conference with representatives of the city on which occasion *101 plaintiff’s husband, in the presence of plaintiff, informed said representatives that ‘ ‘ we would make the repairs which he requested us to make.” (Affidavit of Louis Tymehuk.) It is the claim of the defendant city that such violations not having been corrected, requisition orders and specifications were prepared for repairs to be made to each of said properties, and were sent to the purchasing agent. Public bids from private contractors were received for the correction of said violations, and eventually a contract for the making of the required repairs and improvements was awarded to defendants, Jenkins Hart and W. B. Cooper, doing business as United Labor Supply, which contract is now in full force and effect. When defendant contractors attempted to commence work under the terms of said contracts, they were denied admittance to the subject premises by plaintiff and her husband. The above-entitled action for the relief therein set forth was commenced soon thereafter.
It is the contention of the plaintiff that the notice provisions of the ordinance sections 57.1-5 and 57.1-6 are vague, uncertain, indefinite and unreasonable and are, therefore, unconstitutional ; and that if, assuming arguendo, the said sections of the ordinance are held to be constitutional, there has not been compliance therewith in the instant case, and that, therefore, the contracts entered into herein between the city and the other defendants infringe upon plaintiff’s right not to be deprived of property without due process of law, are null and void as to her, and performance thereunder should be enjoined.
On the other hand, it is the position of the defendant, City of Rochester, that the aforesaid sections have been followed by the City of Rochester in this proceeding, and that they are constitutional; that in all events plaintiff has an adequate remedy at law and has failed to demonstrate irreparable harm; and that she should be estopped from seeking equitable relief because she had actual notice of the violations involved.
The Property Rehabilitation and Conservation Code (Municipal Code, City of Rochester, vol. II, ch. 57; Ordinance No. 62-220) has been in effect since September 1, 1962. It appears to have been drafted along lines which broadly parallel the New York Multiple Dwelling Law and the New York Multiple Residence Law; and in section 57-2 thereof, the legislative policy, intent, and purpose of the City of Rochester in enacting it is stated as follows:
“ § 57-2. Policy of city and purpose of chapter. There exists in the City of Rochester residential, non-residential, commercial, industrial buildings, structures or vacant areas and combina *102 tions thereof which are slum or blighted or which are becoming slum or blighted because of substandard, insanitary, deteriorated or deteriorating conditions, factors and characteristics. Their existence is injurious to the public safety, health and welfare of the people, which includes the spiritual values as well as physical, aesthetic and monetary values, and constitutes a nuisance.
1 ‘ In order to protect and promote the public safety, health and general welfare of the people of the City of Rochester, it is necessary that the Director of Buildings, Rehabilitation and Conservation, shall have the power to inspect all properties within the city; issue orders directing such conditions to be remedied or removed at the expense of the property owner or occupant. The necessity in the public interest for the provisions hereinafter enacted is hereby declared as a matter of legislative determination. ’ ’
Section 57.1-5 of volume II of the Municipal Code of the City of Rochester, pursuant to which the city purportedly issued the notices and orders herein, at all time herein mentioned provided and now provides in pertinent part as follows:
“ § 57.1-5. Procedure for enforcement.
‘11. Whenever the department shall declare that a building or vacant area is a nuisance or is in violation of either the Property Rehabilitation and Conservation Code, Building Code, Plumbing Code, Fire Prevention Code and Zoning Ordinance of the City of Rochester, it shall serve a notice or order in the manner prescribed by § 57.1-6 of this chapter, reciting the facts constituting such nuisance or violation, specifying in what respect the building or vacant area is a nuisance or in violation of either the Property Rehabilitation and Conservation Code, Building Code, Plumbing Code, Fire Prevention Code and Zoning Ordinance of the City of Rochester, and requiring the owner to remove such nuisance or violation within 30 days after service of such notice or order or such lesser period of time where an emergency exists as may be determined by the department head. Such notice or order shall provide that, if the owner fails to remove such nuisance or violation within such period for compliance so prescribed, the department may remove or cause the removal of such nuisance or violation by cleansing, repairing, vacating, demolishing or by taking such other corrective action deemed necessary and shall notify the owner of his right to a hearing as hereinafter provided.
“ Whenever such 30 day notice is served, the owner may, within 15 days after such service, request a hearing before the *103 head of the bureau charged with enforcement, and a hearing shall be given such owner prior to the expiration of the period for compliance so prescribed. * * *
“2. A. If such nuisance or violation is not removed by the owner within the time heretofore prescribed after service of such notice or order, the department may proceed with the removal of such nuisance or violation as provided in the notice or order, or may cause the same to be done. * * *
“ 3. A. If the department proceeds to execute a notice of order issued by it or by the court for the removal of a nuisance or violation, the department may let contracts therefor. * * *
1 ‘ B. The cost of executing such notice or order or orders for the removal of a nuisance or violation shall be assessed to the owner in the manner prescribed by the Charter of the City of Rochester; in the event that the amount so assessed exceeds the amount of normal annual tax assessment, then such additional assessment which is levied pursuant to this section, and the applicable provision of the City Charter, shall be levied at one time, pursuant to the provisions of the City Charter, but said additional amount may be made payable in four equal annual installments.”
Section 57.1-6 of the same code pursuant to and under which the city purportedly served the notices and orders involved herein, at all times herein mentioned provided and now provides as follows: “ § 57.1-6. Service of notices and orders. Every notice or order issued by the department, pursuant to this chapter, relative to a premises, shall be served at least 30 days before the time for compliance therewith. It shall be sufficient service of a departmental notice or order if it is posted in a conspicuous place upon the premises affected, and a copy thereof mailed, on the same day it is posted, to the person to whom it is directed at the address filed by him in the department or the City Treasurer’s office, and, if his address is not so filed in the department or City Treasurer’s- office, then in such case, such notice shall be sent by registered mail to his last known address or place of residence.”
Reference is necessary to the following sections of the Charter of the City of Rochester, which at all times herein mentioned provided and now provide as follows:
‘ ‘ § 257. Registration of owners of real estate and tax agents. The city treasurer shall keep in his office a book or books or other record of registration in which shall be entered all lots or parcels of land in the city and opposite thereto the name and address of each owner of such lots or parcels of land who has filed the statement of his name and address as provided in sec *104 tion one hundred ninety-five-b [now § 258], and also the name and address of each tax agent as shown in the appointment as provided by section one hundred ninety-five-c [now § 259], and in which book or books or other record of registration shall be entered from time to time any changes in name or address made pursuant to such sections.”
“ § 258. Resident owners. Every owner of a lot or parcel or land residing in the city of Rochester shall file with the city treasurer a written statement, duly verified and acknowledged showing the name and address of such owner and giving a brief description of each lot or parcel of land of which he is the owner. If any such owner shall change his residence, he shall file with the city treasurer in like manner a duly verified and acknowledged statement showing his new address.”
“ § 259. Appointment of tax agent by non-resident. Every owner of a lot or parcel of land in the city of Rochester who resides outside said city shall file with the city treasurer for registration a written appointment, duly verified and acknowledged, of a resident of the city, who, for the purposes of this law, shall be designated as tax agent, and may from time to time file in like manner a written revocation of such appointment, and in that event he shall file a new appointment duly verified and acknowledged as above prescribed. The appointment shall contain the address of such owner and also the name and address of the agent, which shall be deemed to be the address of such agent until such owner or agent files with the city treasurer a duly verified and acknowledged written notice of change of address.”
It would appear that the general scope and effect of the ordinance is a reasonable exercise of the police power of the city in protecting the health, safety and welfare of the community at large. (Tenement House Dept. v. Moeschen, 179 N. Y. 325, 330; Adamec v. Post, 273 N. Y. 250, 259 ; Health Dept. v. Rector, etc. of Trinity Church, 145 N. Y. 32.) Furthermore, by permissible interpretation, the sections of the ordinance specifically set forth herein, provide notice to a property owner so as to apprise said owner of the nature and subject matter of the proceeding against him, afford him a reasonable opportunity to be heard, and comply with constitutional requirements of due process under law and of equal protection of the law. We find the sections of the ordinance herein discussed to be constitutional as they affect a property owner. (For a less complicated method of giving notice to a property owner see section 57.1-7 of the instant ordinance and paragraph e of subdivision 1 of section 309 of the Multiple Dwelling Law.)
*105 Our finding of constitutionality as to the specific sections discussed herein does not complete our instant inquiry for the allegation is made by plaintiff, as has been hereinbefore noted, that the provisions as to notice were not complied with in this instance. In that connection and in order to establish compliance with section 57.1-6 it has been made to appear by the affidavit of the Treasurer of the City of Rochester that a search of all pertinent records on file in the office of the Treasurer concerning Nos. 77 and 77% Joiner Street, Rochester, New York, has failed to bring forth any written statement filed by plaintiff as owner thereof as required by section 258 aforesaid of the Charter of the City of Rochester; that such search has revealed that a form marked Requisition No. 3388, dated May 17, 1945 addressed to the City of Rochester contains the following: “ Dear Sir: Please send the bills for City taxes on the following property to Ann Plakon, 3544 Dewey Avenue.”; that among the addresses listed of the properties affected by said notification is 77 Joiner Street; and that since 1945 all tax bills for 77 Joiner Street have been mailed to Ann Plakon at 3544 Dewey Avenue. It is to be noted that by section 259 of the City Charter plaintiff, a nonresident owner, is required to make the appointment of a so-called “ tax agent ” by “ written appointment, duly verified and acknowledged”. It is not set forth whether the form was signed by plaintiff and whether the other requirements of execution under section 259 aforesaid were satisfied.
“ A person employed by another for a particular purpose, and who is acting under limited and circumscribed powers, is a special agent. (Jaques v. Todd, 3 Wend. 83, 91; Scott v. McGrath, 7 Barb. 53, 55.) The rule is well settled that a special agent cannot bind his principal in a matter beyond the authority conferred upon him. * * * (Lockwood v. Embalmers Supply Co., 233 App. Div. 189, 193, and cases there cited.) ” The above cases are cited in Skutt, Inc. v. Goodwin, Ltd. (251 App. Div. 84, 87 [4th Dept., May 5, 1937]). We are unable to determine on the papers before us on this motion whether Ann Plakon, to whom the notice and order as to each of the subject properties was directed and mailed as aforesaid, was the proper person under the ordinance to whom said notice and order should have been directed and sent considering the nature and subject matter of said notice and order so as to constitute, insofar as plaintiff owner is concerned, compliance with the notice provisions aforesaid of the ordinance and thereby fulfill constitutional requirements of due process under law and equal protection of the law. We have concluded that *106 decision with reference thereto may be arrived at only after a plenary trial.
There remains to be disposed of plaintiff’s prayer that she be granted a temporary injunction pendente lite. Plaintiff is seeking on this application the same injunctive relief to which she would be entitled after trial if successful. Under such circumstances the court should grant such temporary or preliminary injunction with great caution and only when necessity requires. (Acorn Employment Serv. v. Moss, 261 App. Div. 178.) In our opinion plaintiff has made a proper showing for the granting of injunctive relief pendente lite, and we grant her prayer for a temporary injunction pendente lite herein.
Upon the argument of this motion and as a condition for the continuance of the restraining provisions contained in the original show cause order, we ordered that plaintiff file an undertaking duly approved by the court in the sum of $1,000. An undertaking in such an amount has been duly approved and filed and is now in full force and effect. Such undertaking is to be continued in full force and effect as a condition for the granting and for the continuance of this temporary injunction pendente lite.