Clarence H. Brisco, J.
The petitioners request an order restraining and enjoining the respondent, the Gannett Co., Inc., as the publisher of the Democrat and Chronicle newspaper from publishing articles concerning the petitioners, Carl Seide and Sam Accorso, in said newspaper’s current- daily feature on gambling in the City of Rochester on the grounds that such articles, if permitted to be published, would severely prejudice the impending trials on gambling charges of said petitioners and deprive them of a fair and impartial trial. A temporary restraining order was granted by Hon. William G. Easton, a Justice of this court, pending the decision herein and the order to be entered upon said decision.
It appears from the affidavits of Carl Seide that he is one of the petitioners ;• that he is presently charged with alleged violations and that his trial has been set for December 11, 1964; that he believes respondent will publish an individualized article against him and thereby deprive him of a fair trial. He has been listed by respondent as a holder of a wagering tax stamp.
It also appears from the affidavit of Sam Accorso that he is one of the petitioners herein; that he is awaiting trial in the City Court of Rochester on alleged gambling violations; that his trial has been set for December 29, 1964; that he has been named by the Democrat and Chronicle in a series it is publishing on gambling in Rochester, New York, as a holder of a United States wager tax stamp. Said petitioner further states that he believes that said respondent will feature an individualized article concerning him and thereby deprive him of a fair and impartial trial.
The petitioners have urged upon this court that the publicity, as indicated by the Exhibits A to F, inclusive, have deprived
*711 the petitioners of a fair trial. They have called to the court’s attention, the remarks made by J. Edward Lumbard, Chief Judge, United States Court of Appeals for the Second Circuit, as published in the American Bar Association Journal (Vol. 49, pp. 840-846 [Sept., 1963]). Judge Lumbard stated at page 844 that “ One of the most troublesome and difficult areas in the administration of criminal justice is the publication of information about crimes and those who may be implicataed by press, radio and television. * * * While there is a proper interest in knowing that a crime has been committed and also knowing that those who are believed to be implicated have been taken into custody, the paramount public interest is to see that the defendant and the state both have a fair trial”.
The petitioners also urged that the right to an impartial jury for the petitioners was prejudiced by the respondent’s publicity in question. (60 Colum. L. Rev. Community Hostility and the Right to an Impartial Jury, 349, 380.)
Then too, the petitioners have also argued that the temporary restraining order should be continued until after the trial because the publications of the respondent have had the effect of adverse publicity. An article in the New York University Law Review (Free Press; Fair Trial, Vol. 34, pp. 1286-1293) was submitted by the petitioners for the consideration of the court. Excerpts from the dissenting opinion of Mr. Justice Jackson in Craig v. Harney (331 U. S. 367, 396); the concurring opinion written by Mr. Justice Frankfurter in Pennekamp v. Florida (328 U. S. 331, 358) and the Per Curiam opinion in Marshall v. United States (360 U. S. 310) were also read and submitted to the court in support of the petitioners ’ application. These several law school articles and opinions have been read by this court. They can be distinguished, however, and are not applicable to this application.
There are three basic principles which govern the issuance of temporary injunctions, (1) the propriety of granting or refusing such relief is discretionary (10 Carmody-Wait, New York Practice, pp. 527-531, and cases therein cited; Wormser v. Brown, 149 N. Y. 163); (2) the burden of establishing the undisputed right to so drastic a remedy rests upon the party seeking it (Park Terrace Caterers v. McDonough, 9 A D 2d 113; Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182; 10 Carmody-Wait, id., pp. 550, 551; Tripp, Guide to Motion Practice [rev. ed.], pp. 328-330) and (3) such relief should not be granted where the right to the ultimate relief sought in the action is in doubt (Duro-Test Corp. v. Donaghy, 9 A D 2d 860, 861; Voorhees & Hobart v. Hobart, 251 App. Div. 111, *712 112; 10 Carmody-Wait, id., p. 548; New York State Soccer Football Assn. v. United States Soccer Football Assn., 18 Misc 2d 112, 117).
In the disposition of this motion, the court must not lose sight of the particular causes of challenge to a juror as more specifically set forth in section 376 of the Code of Criminal Procedure. If the juror declares on oath that he believes that an opinion or impression previously had will not influence his verdict, and he can render an impartial verdict according to the evidence, and the court is satisfied that he does not entertain such opinion or impression as would influence his verdict, the said juror will not be excused for challenge.
In the record on appeal in People v. Fay (296 N. Y. 510), at folio 415 a motion was made to discharge the panel by reason of publications in the New York Daily News and the New York Journal American concerning the defendants Fay and Bove. The motion was denied. Convictions were had and affirmed in the Court of Appeals.
The petitioners are asking for a prior restraint or abridgment of respondent’s rights of free speech and free press. This is contrary to section 8 of article I of the New York State Constitution and the First Amendment and the Fourteenth Amendment of the Constitution of the United States. Our courts have been alert to strike down any infringement of so basic a right. (Sunshine Book Co. v. McCaffrey, 4 A D 2d 643, 646-647; Near v. Minnesota, 283 U. S. 697; Lovell v. Griffin, 303 U. S. 444; Bridges v. California, 314 U. S. 252; Craig v. Harney, 331 U. S. 367, supra.)
The constitutional guarantee of free speech and a free press should not be so circumscribed. (Marlin Fire Arms Co. v. Shields, 171 N. Y. 384, 390.) Freedom of expression upon public questions has long been secured. (See New York Times Co. v. Sullivan, 376 U. S. 254 and Garrison v. Louisiana, 379 U. S. 64.) The motion is denied and the temporary injunction granted by Mr. Justice Easton is vacated.