G. Robert Witmer, J.
The plaintiff has brought an action to enjoin the defendant permanently from renting, leasing or allowing any occupancy of defendant’s four-family multiple dwelling property at 163-165 Oak .Street, Rochester, New York, until defendant secures a certificate of occupancy pursuant to section 57-27 of the Municipal Code of Rochester (vol. II, Property Rehabilitation and Conservation Code, chs. 57 and 57.1, eff. Sept. 1, 1962) and for assessment of civil penalties for defendant’s failure to obey plaintiff’s orders to defendant to *408 repair and clean or vacate the premises. The plaintiff alleges that the defendant became owner of said premises on September 1, 1964; that since defendant acquired the premises they have been occupied without the issuance of a certificate of occupancy as required by said section 57-27 of the Municipal Code; that on February 5, 1965, after inspection of the premises by the plaintiff’s Director of Buildings, Rehabilitation and Conservation, the latter duly served a notice and order upon the defendant, pursuant to section 57.1-5 of said code, specifying the respects in which the premises were in violation of the health and sanitation ordinances of the plaintiff, especially how the premises were deteriorating, in need of repair, unclean, a fire hazard and a nuisance, and informing defendant of its right to be heard as to such conditions before the plaintiff’s Director of Buildings, Rehabilitation and Conservation within 15 days of such service, and requiring that all such conditions be corrected within 30 days; and that if defendant should fail to correct such violations within such time, the plaintiff’s Department of Buildings, Rehabilitation and Conservation would remove such nuisance by cleaning, repairing or demolishing it at defendant’s expense.
Plaintiff further alleges that on April 8, 1965, after further inspection of the premises, its Director of Buildings, Rehabilitation and Conservation served upon defendant an order to vacate the premises pursuant to said section 57.1-5 of the code, together with another itemization of the violations which the plaintiff asserted the defendant had failed to correct, and informing the defendant of its right to an administrative hearing concerning such violations. Plaintiff alleges that at no time has the defendant requested the suggested administrative hearings with respect to the existence of the alleged violations.
In its answer defendant admits the foregoing except that it denies upon information and belief that it has failed to request a hearing. Since whether it made such request or not is clearly something within its own knowledge, such denial is not deemed sufficient, and on the pleadings and papers before the court it is found that defendant made no such request.
The plaintiff has brought this motion for a preliminary injunction under article 63 of the CPLR, and for summary judgment under CPLR 3212, including civil penalties under section 57.1-3 of said Municipal Code. In opposition to the motion the defendant has submitted an affidavit in which it is asserted that the premises are fit and safe for human habitation and present no danger or detriment to the lives and health of the community; that defendant’s president, Mr. Angelo J. Q-angemi, made application for a certificate of occupancy for another *409 Rochester property and the application was denied by the official of the plaintiff in charge, with the statement that the department would never issue such a certificate to Mr. Gangemi; that the latter understood such statement to apply to any property with which he was concerned; that the defendant is entitled to a certificate of occupancy on the subject premises, but it would be a useless act for it to apply therefor because of the unreasonable and improper attitude of the person in charge of such office for the plaintiff city; and the defendant asserts that it would be a great hardship on its tenants if the defendant were required to vacate or to demolish the premises. It is noteworthy that the defendant has produced no affidavit from a tenant in support of its contention that the premises are in good order.
Defendant’s position, therefore, is that the premises are in good condition, that the plaintiff’s officials are unreasonable, that defendant does not intend to do anything to repair or improve their condition because they do not need it, and that defendant is not required to make application for a certificate of occupancy to comply with the code, nor, after receiving notice to repair or vacate, to request a hearing to make a record concerning the condition of the premises, for judicial review.
These procedures which were open to the defendant, of course, would have laid a basis for defendant to proceed, if need be, in an orderly fashion under article 78 of the CPLR, for review of the acts of the plaintiff’s officials. The defendant has not invoked these administrative remedies, but instead, by its inaction it has gained time and rents; and the protraction of this action will yield more of the same to it.
If the defendant were proceeding herein under article 78, it could not succeed because of its failure to exhaust its administrative remedies. It cannot now succeed because it refuses to do anything.
Although the defendant has not denied in particular the items of violation stated in paragraph 4 of the affidavit of Robert A. Miles in support of this motion, the moving papers do not contain facts to demonstrate a dire emergency. Usually a preliminary injunction will not be granted which disposes of the entire cause of action (Barricini, Inc. v. Barricini Shoes, 1 A D 2d 905; Acorn Employment Serv. v. Moss, 261 App. Div. 178); and despite the existence of unused administrative remedies for the protection of an owner in this type of case, it has been held error to grant summary judgment where the answer raises questions of fact. (City of Troy v. Kemp, 20 A D 2d 596.) This is not to say that summary judgment should never be granted in this type of case; but here the papers show some *410 evidence of friction between the owner and the officials charged, with enforcement of the code. The defendant insists his property is in good tenantable condition,, and the city’s papers show no emergency condition and its conduct suggests that none exists. Hence, as a matter of discretion, summary judgment is denied, so that the ultimate issues here may be determined upon a plenary trial. Likewise, as to a preliminary injunction: the plaintiff has simpler and better means at hand for accomplishing the end it seeks.
Thus, the foregoing disposition should not be interpreted as an indorsement of defendant’s conduct. The plaintiff’s ordinances concerning the rehabilitation and conservation of property for the health and safety of its residents are salutary and constitutional (see Tymchuk v. City of Rochester, 43 Misc 2d 98). The defendant has openly and flagrantly violated the provisions thereof requiring it to apply for a certificate of occupancy, and it has ignored plaintiff’s notices and orders that the subject premises violate city regulations and to correct them, and has declined to use standard means available to determine the propriety of the plaintiff’s actions. Were defendant’s conduct to be condoned, every provision of the code could be violated with impunity, subject only to plenary court action.
Plaintiff’s motion for summary assessment of a civil penalty upon the defendant for failure to comply with the code and said notices is granted (Municipal Code, § 57.1-3). The penalty shall be in the sum of $25 per day from the 7th day of June and continue for 5 days after the entry of the order hereon and the service of a copy thereof upon the defendant; thereafter the penalty shall be $50 per day for the ensuing 15 days; and thereafter the penalty shall be at the rate of $100 per day. Such days of penalty shall continue only until the defendant makes due application for a certificate of occupancy as required by the code. Thereupon, the assessment of the penalty under this order shall cease; but if the application be denied, the court before whom the issues in this case are tried shall consider the good faith of the defendant in its efforts to comply with the code requirements respecting the condition of said premises upon such application for certificate of occupancy, and in determining what, if any, civil penalty to assess upon the defendant at the conclusion of the trial of this action.
Submit order accordingly.