Joseph P. Kuszynski, J.
The above-entitled matter came on to be heard as the result of an order to show cause secured by the attorney for a plaintiff whose identity is not known to this court. This unknown party requests an order enjoining the defendants from publishing, disseminating and distributing in any form any information concerning the second report of the November, 1968 Grand Jury of Erie County, until the argument of an appeal by the plaintiff now pending in the Appellate Division, Fourth Department from the order of Erie -County Court accepting the said report. The argument in support of plaintiff’s application is based upon the provisions of section 253-a (subd. 1, par. [a]; subd. [3], par. [a]) and section 517-a of the New York Code of Criminal Procedure. The pertinent provisions of section 253-a are (subd. 1, par. [a]; subd. [3], par. [a]) which read as follows:
“ 1. The grand jury, upon concurrence of twelve or more of its members, may submit to the court for which it was impanelled, a report:
“ (a) concerning non-criminal misconduct, nonfeasance or neglect in office by a public officer or employee as the basis for a recommendation of removal or disciplinary action; * * *
“ 3. (a)- An order accepting a report pursuant to paragraph (a) of subdivision one of this section and the report shall be sealed by the court and shall not be filed as a public record, subject to subpoena or otherwise made public (i) until at least thirty-one days after a copy of the order and report are served upon each public officer or employee named therein or (ii) if an appeal is taken pursuant to section five hundred seventeen-a of this code, until the affirmance of. the order accepting the report, reversal of the order sealing the report or dismissal of *882 the appeal of the named public officer or employee by the appellate division of the supreme court, whichever occurs later. ’ ’
The pertinent provisions of section 517-a are subdivisions 1, 2 and 6 which read as follows:
“ 1. When a court makes an order accepting a report of a grand jury pursuant to paragraph (a) of subdivision one of section two hundred fifty-three-a of this code, any public officer or employee named therein may, within ten days after servicé upon him of a copy of the order and report, appeal the order to the appellate division of the supreme court of the department in which the order was made, by filing in duplicate a notice of appeal from the order with the clerk of the court in which the order was made and by serving a copy of such notice of appeal upon the district attorney or other attorney designated by the grand jury.
“ 2. When a court makes an order sealing a report of a grand jury pursuant to subdivision five of section two hundred fifty-three-a of this code, the district attorney or other attorney designated by the grand jury may, within ten days after service of a copy of the order and report upon each public officer or employee named in the report, appeal the order to the appellate division of the supreme court of the department in which the order was made, by filing in duplicate a notice of appeal from, the order with the clerk of the court in which the order was made and by serving a copy of such notice of appeal upon each such public officer or employee. Notwithstanding any contrary provision of section two hundred fifty-three-a of this code, a true copy of the report of the grand jury shall be served, together with such notice of appeal, upon each such public officer or employee.
# * *
“ 6. The record and all other presentations on such an appeal shall remain sealed, except that upon affirmance of the order accepting the report, reversal of the order sealing the report or dismissal of the appeal of the named public officer or employee by the appellate division, the report of the grand jury, with the appendix, if any, shall be filed as a public record as pmvided in subdivision three of section two hundred fifty-three-a of this code.”
A perusal of these sections makes it clear that the Legislature intended that the contents of the Grand Jury report should remain sealed and not become a public record until after action of the Appellate Division upon the appeal. The attorney for the plaintiff argues that the defendants herein have published certain articles which in fact contain some of the contents of *883 the Grand Jury report in question. Plaintiff, through his attorney, alleges that irreparable harm will be inflicted upon him should the report of the Grand Jury be released prior to the action of the Appellate Division and thereafter the plaintiff is successful in his argument that he has a good and meritorious defense which would result in the sealing forever of the Grand Jury report.
The plaintiff alleges further that the only relief available to prevent harm to himself is an injunction preventing publication by the defendants of the contents of the Grand Jury report until the Appellate Division has acted on the pending appeal.
The defendants oppose the granting of the injunction on various grounds, including the following: that this court has no jurisdiction because the plaintiff is unnamed; and that the affidavit in support of the application is made by counsel for plaintiff rather than the plaintiff personally and does not state why the affidavit is made by counsel rather than by the plaintiff himself nor does such affidavit state the sources of counsel’s information nor the grounds of his belief.
Counsel for one of the defendants argues that the sections of the Code of Criminal Procedure on which the plaintiff relies contain no sanctions against publication of the Grand Jury report and that his client, namely the Buffalo Evening News, has not published any of the contents of the Grand Jury report but has merely editorialized to the effect that the report of the Grand Jury should be made public as soon as possible. Finally, counsel for the same defendant argues that the freedom of the press to publish could not be enjoined prior to publication. In support of this contention, the New York State case of Stuart v. Press Pub. Co. (83 App. Div. 467) and the United States 'Supreme Court case of Near v. Minnesota (283 U. S. 697) are cited.
The defendant, Buffalo Courier Express, argues that there are no legislative proscriptions against fair and true reporting by a newspaper concerning newspaper disclosure of Grand Jury proceedings and relies on the case of Keogh v. New York Herald Tribune (51 Misc 2d 888, affd. 28 A D 2d 1209). This defendant also argues that there can be no prior restraint upon the right of the press to publish, citing also the Near case referred to above, with respect to its argument based on the United States Constitution and the case of Matter of Seide v. Gannett Co. (44 Misc 2d 710) with respect to its argument based on the provisions of the New York State Constitution.
This defendant also argues that this action cannot be maintained by an unnamed person and that the affidavit in support *884 of the plaintiff’s motion is insufficient because it is not made by the plaintiff and that the allegations of irreparable injury contained in plaintiff’s application must specify facts showing irreparable injury, and finally that neither section 253-a nor section 517-a of the Code of Criminal Procedure provides sanctions against a newspaper for reporting a Grand Jury proceeding.
This court has jurisdiction even though plaintiff’s name is unknown because his identity is readily ascertainable. He has been identified as one of the persons named in the presentment and also as the party in whose name the appeal herein is being prosecuted.
The issues in this case are particularly pertinent at this time in the light of the American Bar Association’s project covering the whole subject of fair trial and free press and even more recently the establishment of the New York State Fair Trial Free Press Conference. In setting guidelines, the New York Conference through its Chairman, Stanley H. Fuld, Chief Judge of the State of New York, stated that “the essence of guide lines is mutual respect to the basic rights of both free press and of fair trial.” The guidelines, among other things, state except where the confidentiality is specifically provided for in statutes, all records which must be maintained by law are clearly open to the public. ’ ’ Among other statements contained in the guidelines are a restatement of the time honored presumption of innocence and the statement that no one’s reputation should be injured needlessly. It is apparent that the guidelines attempt and the Conference will continue to recommend measures which will seek to resolve the problems brought about by the inherent conflict between the historical protection of the secrecy of Grand Jury proceedings and the constitutionally protected right of freedom of the press.
In examining into the subject of Grand Jury secrecy, this court was impressed with the treatment of the subject contained in the Michigan Law Review (vol. 63, pp. 455, 458-459) published in January of 1965. The article contains a very detailed and well-documented history of the subject and sets forth that the courts have normally advanced four reasons in justification of Grand Jury secrecy:
‘ ‘ 1. The grand jurors should be free from the apprehension that their opinions and votes may subsequently be disclosed by compulsion;
“ 2. The complainants and witnesses summoned should be free from the apprehension that their testimony may be subse *885 quently disclosed by compulsion so that the state may secure willing witnesses;
‘ ‘ 3. The guilty accused should not be provided with information that might enable him to flee from arrest, suborn false testimony, or tamper with witnesses or grand jurors;
‘ ‘ 4. The innocent accused, who is charged by complaint before the grand jury but exonerated by its refusal to indict, should be protected from compulsory disclosure of the fact that he has been groundlessly accused. ’ ’
The fourth reason advanced is the only one which is pertinent to the matter before this court. Even though the matters contained in this Grand Jury report are not criminal in nature, they do allege certain noncriminal misconduct and in accordance with the provisions of sections 253-a and 517-a of the Code of Criminal Procedure should not be disclosed until after the Appellate Division has handed down its decision.
The protection of the freedom of the press afforded by the Federal and State Constitutions is not absolute and the limitations imposed by the sections invoked by the unnamed plaintiff herein are not unreasonable restrictions upon the freedom of the press as guaranteed by the First Amendment of the Federal Constitution and also by section 8 of article I of the State Constitution. Furthermore, this court must consider the provisions of section 6 of article I of the New York State Constitution which contains similar provisions to the Sixth Amendment of the Federal Constitution relative to a person’s right to “ due process ” and which also provides that “ The power of grand juries to inquire into wilful misconduct in office of public officers * * * shall never be suspended or impaired by law. ”
While it is clear that when the Legislature enacted sections 253-a and 517-a of the Code of Criminal Procedure, it intended to seal and protect the contents of a Grand Jury report even though the report merely concerned noncriminal misconduct, nonfeasance or neglect in office by a public officer or employee, whether by design or inadvertance, the said sections contain no sanctions against anyone who makes a disclosure of the contents of the Grand Jury report unless such disclosure is made by a person who learned of the contents of the report by reason of his official position and illegally discloses same.
This court is convinced, after reading not only cases cited by the defendants herein but many other cases, both Federal and State on the same question, that it can place no prior restraint upon such publication as is complained about herein because of the freedom of the press provisions of both the Fed *886 eral and State Constitutions (Near v. Minnesota, 283 U. S. 697, supra; Stuart v. Press Pub. Co., 83 App. Div. 467, supra; Seide v. Gannett Co., 44 Misc 2d 710, supra). It is clear that if a person is injured as the result of such a publication, he is limited to the remedy provided under the law of libel. (See cases cited ibid.) In addition, in the instant case, the plaintiff being an unnamed person has failed by that very fact to show that he has suffered, or may suffer, harm to the degree which would entitle a court to exercise discretion in granting injunctive relief in any type of case.
This court is persuaded that if there has been a disclosure of the contents of the Grand Jury report in violation of sections 253-a and 517-a, it is incumbent upon the District Attorney to take whatever action is necessary against anyone who made illegal disclosures. Furthermore, the District Attorney is charged with the responsibility of maintaining the secrecy of the Grand Jury report because it is his obligation to keep in his custody the Grand Jury minutes, testimony and other documents relative thereto unless otherwise directed by statute or by order of the court.
In the light of the foregoing, this court finds that plaintiff’s application for injunctive relief must be denied.