■ RALPH G. CASO, Individually and as County Executive of the County of Nassau, et al., Respondents, v. VICTOR GOTBAUM, Individually and as Executive Director of District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO, et al., Appellants.— In an action for an an injunction and to recover compensatory and punitive damages on the ground of an alleged strike conducted by defendants in violation of article 14 of the Civil Service Law, defendants appeal, as limited by their joint brief, from so much of an order of the Supreme Court, Nassau County, dated August 5, 1971, as denied their separate cross motions to dismiss the complaint. Order reversed insofar as appealed from, on the law, without costs, and defendants' cross motions to dismiss the complaint granted, with leave to plaintiffs to serve an amended complaint. Plaintiffs' time within which to serve an amended complaint is extended until 30 days after service of the order to be made hereon, with notice of entry. In our opinion, the complaint is insufficient because plaintiffs' allegations concerning defendants' unlawful conduct are conclusory. Further, though neither defendants nor plaintiffs submitted affidavits in connection with the cross motions, Special Term impermissibly denied the latter motions by considering factual allegations contained in plaintiffs' briefs and in the affidavits submitted by plaintiffs in support of the motion for a preliminary injunction (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.44). Hopkins, Acting P. J., Shapiro, Gulotta and Brennan, JJ., concur. [67 Misc 2d 205.]

■ LEON CIESLA, Appellant, v. CITY OF NEW YORK et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated August 23, 1971, as, upon reconsideration, adhered to the original decision denying his application for a general preference. Order reversed insofar as appealed from, with one bill of $10 costs and disbursements against respondents jointly, and motion for a general preference granted. In our opinion, under the circumstances of this case, the nature and extent of the disabilities claimed to have resulted from the accident, and the earnings allegedly lost as a result of the accident, were sufficient to warrant the grant of a general preference. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.