■  CITY OF BUFFALO, Appellant, v PATRICK J. MANGAN, JR., Individually and as President of the Buffalo Professional Fire Fighters Association, Inc., Local 282, I.A.F.F., AFL-CIO, et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: While we concur in the result reached by Special Term, we do not decide, as the court did below, that defendants' resolution not to respond to voluntary call-ins was beyond the reach of the no-strike prohibitions of the Taylor Law (see Civil Service Law, § 201, subd 9; § 210, subd 2, par [b]; § 211). Our decision to affirm the denial of the preliminary injunction is based solely on the fact that plaintiff has failed to make the requisite showing of irreparable harm (CPLR 6312; *Bobrose Developments, v Jacobson,* 251 App Div 825; *McKesson & Robbins v New York State Bd. of Pharmacy,* 226 NYS2d 271; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par 6301.19). Evidence in the record that any of the fire fighters have in fact obeyed the union resolution is scant at best. Furthermore, the plaintiff appears to have conceded the futility of using the call-in procedure without protest, and has chosen to compensate in other ways, by rescinding personal leave time and by shifting men from other bureaus. In so doing, the city has proven that no urgent situation exists requiring the granting of an injunction *pendente lite.* All stations are operating with a full complement of men. There is no threat of injury to the public, since it is undisputed that the men will respond to emergency calls and will remain on the job at the end of their regular shift if requested to do so. A preliminary injunction is addressed to the court's discretion. *(Matter of Seide v Gannett Co.,* 44 Misc 2d 710; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par 6301.13). It is a drastic remedy *(Yome v Gorman,* 242 NY 395; 12 Carmody-Wait, N. Y. Practice, § 78:7). It should be awarded sparingly, and only where the party seeking it has met its burden of proving both the clear right to the ultimate relief sought, and the urgent necessity of preventing irreparable harm. *(McKesson & Robbins v New York State Bd. of Pharmacy, supra.)* Where, as here, a preliminary injunction would afford the same relief as that which is ultimately sought, courts are especially loathe to grant the application. *(Russian Church of Our Lady of Kazan v Dunkel,* 34 AD2d 799, 801; *Caso v Gotbaum,* 67 Misc 2d 205, 207, revd on other grounds, 38 AD2d 955; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par 6301.17.) To grant an injunction at this stage of the proceedings would in effect dispose of the action on the merits. (See *City of Rochester v Diksu Corp.,* 47 Misc 2d 407, 409; *Eisland v Peck,* 26 Misc 2d 602, 604.) While there is no imminent threat to the public welfare, the inherent nature of the fire fighter's work makes it essential that the merits of this action be tried forthwith. It would appear, however, that this is a matter

which reasonable parties should be able to resolve by negotiations without the necessity for resort to the courts. Unless the parties can negotiate a voluntary settlement promptly, this case should be given a trial preference for the earliest possible date. (Appeal from order of Erie Trial Term denying motion for preliminary injunction.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.