■ EMERALD ENTERPRISES OF ROCHESTER, INC., Appellant, v CHILI PLAZA ASSOCIATES et al., Respondents. [656 NYS2d 1011] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff operates a bar and restaurant in Chili-Paul Plaza. Its lease with the owner, defendant Chili Plaza Associates (CPA), provides that CPA will not lease space to a "tavern, saloon or bar." The lease further provides that "this restriction has no application whatsoever, present or future, to any restaurant * * * conducting a bar and providing for * * * consumption and sale of alcoholic beverages as an incident to its restaurant food service business." Plaintiff commenced this action to enjoin the operation of a business in the plaza by defendant T. F. Browns, Inc. on the ground that the proposed use of the premises violates the restrictive covenant in the lease.

Supreme Court properly denied plaintiff's motion for a preliminary injunction. "In order to obtain a preliminary injunction, the plaintiff must show by clear and convincing evidence that it is likely to succeed on the merits of the action, that it will suffer irreparable injury absent the injunction, and that the balance of the equities is in its favor (*see, Aetna Ins. Co. v Capasso*, 75 NY2d 860; *Grant Co. v Srogi*, 52 NY2d 496, 517)" (*Key Drug Co. v Luna Park Realty Assocs.*, 221 AD2d 598, 599). We agree with the court that plaintiff has not met the first requirement because it failed to establish its clear right to the ultimate relief sought (*see, Little India Stores v Singh*, 101 AD2d 727, 728; *City of Buffalo v Mangan*, 49 AD2d 697). "[T]he policy of the law is to favor the free and unobstructed use of realty (*Premium Point Park Assn. v Polar Bar*, 306 NY 507) and * * * covenants restricting the use of property will be strictly construed against those seeking to enforce them (*Buffalo Academy of Sacred Heart v Boehm Bros.*, 267 NY 242)" (*Huggins v Castle Estates*, 36 NY2d 427, 430; *see, Sunrise Plaza Assocs. v International Summit Equities Corp.*, 152 AD2d 561, *lv denied* 75 NY2d 703; *Thrun v Stromberg*, 136 AD2d 543, 544).

The court erred, however, in granting defendants' cross motion for summary judgment dismissing the complaint. The proof submitted by plaintiff raises a triable issue of fact whether the bar at the proposed business is to be operated "as an incident to its restaurant food service business." We

therefore modify the order and judgment by denying defendants' cross motion for summary judgment and reinstating the complaint and by vacating the award of costs and disbursements. (Appeal from Order and Judgment of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present— Denman, P. J., Green, Balio, Boehm and Fallon, JJ. [As amended by unpublished order entered April 25, 1997.]